420 A.2d 419

**COMMONWEALTH of Pennsylvania**

v.

**Christopher Lynn GIKNIS, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 19, 1980.

Decided Sept. 22, 1980.

Brooks K. Pomper, York, for appellant.

Sheryl Ann Dorney, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal is from an order of the Court of Common Pleas, York County, denying relief requested by appellant, Christopher Lynn Giknis, in a petition filed pursuant to the Post Conviction Hearing Act.[1]

On March 31, 1973, appellant was arrested and charged with the murder of his brother–in–law, Donald Garrety. Pursuant to the Mental Health and Mental Retardation Act of 1966,[2] the court ordered a sanity commission convened as called for in Section 408, 50 P.S. § 4408, to determine if appellant was competent to stand trial. An Assistant Public Defender was appointed to represent appellant at the hearing before the Sanity Commission on July 19, 1973. By a report dated July 25, 1973, the commission determined that appellant was competent to stand trial.

1. Act of January 25, 1966, P.L. 1580, § 1, *et seq.*, 19 P.S. § 1180–1, *et seq.* (Supp. 1979–80).

2. Act of October 20, 1966, Special Sess. No. 3, P.L. 96, art. I, § 101, *et seq.*, 50 P.S. § 4101, *et seq.*, repealed in part by Mental Health Procedures Act, Act of July 9, 1976, P.L. 817 No. 143, § 101, *et seq.*, 50 P.S. § 7101, *et seq.* (Supp. 1979–80).

Appellant's counsel subsequently petitioned for the appointment of a psychiatrist to examine appellant to help in the preparation of a defense. A psychiatrist was appointed who examined and evaluated appellant.

On August 21, 1973, appellant entered a plea of guilty to murder generally, following a full colloquy. A degree–of–guilt hearing was held on February 28, 1974, and appellant was adjudged guilty of murder of the first degree. Appellant was sentenced to life imprisonment.

In 1976, appellant sought permission from this court to appeal *nunc pro tunc*, and permission to do so was granted. On September 14, 1977, we remanded to the Court of Common Pleas for a determination of whether appellant had waived the right to file post–verdict motions.[3] When the York County Court determined that appellant had not waived the right, appellant was permitted to file post–verdict motions *nunc pro tunc*. Post–verdict motions were denied and we affirmed on direct appeal. *Commonwealth v. Giknis*, 480 Pa. 535, 391 A.2d 1015 (1978).

On November 29, 1978, appellant filed a P.C.H.A. petition. For the first time, counsel other than trial counsel was appointed and new counsel filed an amended petition. On May 29, 1979, a hearing was held and by an order dated May 31, 1979, appellant's petition was denied. This appeal followed.

Appellant raises the following three issues in the instant appeal:

"1. Is the report of the Sanity Commission, convened pursuant to Section 408 of the former Mental Health and Mental Retardation Act of 1966 (50 P.S. § 4408), and charged with the responsibility of determining if the Defendant is so mentally disabled that he should be committed, legally adequate if it only states a bare conclusion regarding Defendant's competence, and thus provides the

3. Subsequently, we have held that before a defendant can challenge the validity of a guilty plea, the defendant must file a petition to withdraw the plea. *Commonwealth v. Brandon*, 485 Pa. 215, 401 A.2d 735 (1979); P.R.Crim.P. 320 and 321.

trial judge with no independent basis on which to determine Defendant's competence to enter a plea and stand trial?

"2. Was it a violation of Defendant's rights of due process for the Court to proceed with his case in view of his questionable competency to stand trial, and in view of the lack of an adequately supported decision by the Court that the Defendant was competent to enter a plea and stand trial?

"3. Was Defendant denied effective assistance of counsel at the trial stage because of counsel's failure to object to the inadequate basis for the Court's determination that Defendant was competent to enter a plea?"

Under normal circumstances, the first two claims would be waived. As the Post Conviction Hearing Act provides:

"(b) For purposes of this act, an issue is waived if:

"(1) The petitioner knowingly and understandingly failed to raise it and *it could have been raised before the trial, at the trial, on appeal* . . . and

"(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue." Act of January 25, 1966, P.L. 1580, § 4, 19 P.S. § 1180-4 (Supp. 1979–80). (Emphasis added.)

As appellant could have raised his first two issues prior to trial, at trial and on direct appeal, those issues would usually be waived.

As we stated, however, in *Commonwealth v. Nelson*, 489 Pa. 491, 414 A.2d 998, (1980)

"We have long held that 'the mental competence of an accused must be regarded as an absolute and basic condition of a fair trial'. *Commonwealth v. Bruno*, 435 Pa. 200, 205, n.1, 255 A.2d 519, 522, n.1 (1969). Accordingly we have been loath to find a waiver of such a claim. *Commonwealth v. Marshall*, 456 Pa. 313, 318 A.2d 724 (1974). Indeed, we have recently held that 'when the issue presented is whether a person was competent to stand trial, the waiver rule is not applicable.' *Commonwealth v. Tyson*, 485 Pa. 344, 349, 402 A.2d 995, 997 (1979)."

Since the two issues in question involve appellant's competency, we must reach the merits of appellant's claims.

The ultimate issue in both of appellant's first two claims is whether the instant record supports a finding that appellant was indeed competent to stand trial. For if he was competent, it is of no moment that the sanity commission's report contained no findings of fact on which the trial court could independently determine appellant's competence. Further, if appellant was competent at the time of the entry of the plea, there was no denial of due process by the court's entertaining the plea of guilty.

In *Commonwealth ex rel. Hilberry v. Maroney*, 424 Pa. 493, 495, 227 A.2d 159, 160 (1967), we stated:

"And the test to be applied in determining the legal sufficiency of his mental capacity to stand trial, or to enter a plea at the time involved, is not the M'Naghten 'right or wrong' test, but rather his ability to comprehend his position as one accused of murder and to cooperate with his counsel in making a rational defense. See *Commonwealth v. Moon* [383 Pa. 18, 117 A.2d 96 (1955)] and *Commonwealth ex rel. Hilberry v. Maroney* [417 Pa. 534, 207 A.2d 794 (1965)]. Or stated another way, did he have sufficient ability at the pertinent time to consult with his lawyers with a reasonable degree of rational understanding, and have a rational as well as factual understanding of the proceedings against him. See *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). Otherwise, the proceedings would lack due process: *Bishop v. United States*, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956)."

Our review of the transcript of the proceedings before the Sanity Commission convinces us that the Sanity Commission was correct in its conclusion that appellant was competent to stand trial. Further, at each of the proceedings, the trial court was able to observe appellant. We thus find no merit to either of appellant's first two issues.

■■■ Appellant finally argues that he was denied the effective assistance of counsel when trial counsel failed to object to the trial court's findings that appellant was competent to stand trial. We do not agree.

As we have oft stated:

"... our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–05, 235 A.2d 349, 352–53 (1967) (Footnote omitted.) (Emphasis added.)

Further, counsel is not ineffective for failing to assert a baseless claim. *Commonwealth v. Rice*, 456 Pa. 90, 318 A.2d 705 (1974). As previously discussed, we believe appellant was competent, so objection by counsel would have been fruitless. Further, trial counsel testified at the P.C.H.A. Hearing that:

"I had interviewed him prior to the [competency] hearing and after the hearing. He was responsive to me. He appeared to understand the charges against him. He was able to cooperate with me in the sense that he was able to tell me everything that happened and I was able to inform him of the consequences of his testifying or not testifying or his pleading guilty or not pleading guilty."

As counsel would best be in a position to judge the ability of a client to communicate to aid in a defense and the ability to comprehend the nature of the charges, we cannot find that counsel was ineffective for failing to object to the court's finding that appellant was competent to stand trial.

Order affirmed.