444 A.2d 90

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Ondray UPSHER, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 4, 1982.

Decided April 21, 1982.

622

John H. Corbett, Jr., Chief, Appellate Division, Asst. Public Defender, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt Deputy Dist. Atty., Kathryn L. Simpson, Dora A. DeCourcy, Asst. Dist. Attys., Pittsburgh, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION

LARSEN, Justice.

On November 1, 1979, Robert Houser was stabbed to death by appellant, Ondray Upsher. On March 20, 1980, appellant was convicted by a jury of murder of the third degree. Motions for a new trial and arrest of judgment were denied, and appellant was sentenced to a prison term of seven and one-half to twenty years. This direct appeal followed.

Appellant first contends that the evidence presented at trial by the Commonwealth was insufficient to establish his guilt of third degree murder beyond a reasonable doubt. Specifically, appellant contends that the evidence presented

by the Commonwealth was insufficient to prove that he was not acting in self-defense when he killed Robert Houser.[1]

■ When there is any evidence at trial that a killing may have been done in self-defense, the Commonwealth must prove beyond a reasonable doubt at least one of the following: 1) that the defendant did not reasonably believe he was in danger of death or serious bodily injury; 2) that the defendant provoked the use of force; or 3) that the defendant had a duty to retreat, and that retreat was possible with complete safety.[2] *Commonwealth v. Helm*, 485 Pa. 315, 402 A.2d 500 (1979).

■ On November 1, 1979, at approximately 7:00 P.M., appellant left the company of some friends to proceed home. While taking a shortcut through a field on his way home, appellant was approached by the victim who asked appellant if he had seen anybody in the field having intercourse. Without further discussion, appellant continued through the field towards his home. As he exited the field, appellant warned two acquaintances not to enter the field because "there is an old rapist down there." After procuring some cigarettes and a knife from his home, appellant asked an acquaintance to accompany him back into the field. Before he entered the field, appellant requested the acquaintance to wait by the edge of the field until he returned. Appellant went into the field and was once again confronted by the victim. The two men struggled and appellant stabbed the victim several times, causing his death. The only weapon found at the scene belonged to the appellant.

1. The test for sufficiency of evidence in a criminal case is whether, viewing all of the evidence admitted at trial in the light most favorable to the Commonwealth, there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Bastone*, 466 Pa. 548, 353 A.2d 827 (1976). Guilt may be established beyond a reasonable doubt by circumstantial evidence. *Commonwealth v. Dawson*, 464 Pa. 254, 346 A.2d 545 (1975).

2. Appellant testified that he killed the victim in self-defense, since the victim attacked him with a knife.

The evidence and the reasonable inferences therefrom are sufficient to establish beyond a reasonable doubt that appellant was the aggressor, or that he used excessive force to defend himself against an unarmed individual. Consequently, appellant's first contention is without merit.

Next, appellant contends that the testimony of Commonwealth witness, James Hayden, was so unreliable and contradictory that it led to a jury verdict that was based on conjecture. Appellant claims that James Hayden's testimony was wholly unreliable because his testimony was contradicted by appellant and another Commonwealth witness. Appellant further supports this argument by alleging Hayden gave a prior inconsistent statement to police.

In *Commonwealth v. Farquharson*, 467 Pa. 50, 354 A.2d 545 (1976), this Court held that "where evidence offered to support a verdict of guilt is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, a jury may not be permitted to return such a finding." However, this rule applies only in those cases where the testimony is so patently unreliable that a verdict of guilt would be based upon pure conjecture. *Commonwealth v. Whack*, 482 Pa. 137, 393 A.2d 417 (1978). In *Commonwealth v. Hudson*, 489 Pa. 620, 414 A.2d 1381 (1980), this Court held that contradictions by other witnesses and prior inconsistent statements affect the credibility of the witness and do not render his testimony patently unreliable under the *Farquharson* standard. Issues of credibility are properly left to the jury for determination. *Commonwealth v. Hudson, supra.* Consequently, appellant's second contention is without merit.

Finally, appellant contends that trial counsel was ineffective for failing to request a mistrial based on the prosecutor's improper cross-examination of the appellant.[3]

3. After appellant was sentenced and before the filing of this appeal, appellant's private counsel withdrew and the Public Defender was appointed to represent appellant. A claim of ineffective assistance of trial counsel is properly raised by an appellant at the earliest stage in the proceeding at which counsel whose effectiveness is challenged

■ The test of constitutionally effective assistance of counsel is whether a "particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests". *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967) (emphasis in the original). The initial factor that is considered in applying this standard is whether the matters counsel is charged with failing to competently pursue had arguable merit. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

During the course of the prosecutor's cross-examination of appellant, appellant's trial counsel made five objections to the questions asked by the prosecutor, all of which were sustained. Three of trial counsel's objections were sustained on the basis that the prosecutor's questions were argumentative, and two of trial counsel's objections were sustained on the basis that the questions were improperly phrased.[4] Fur-

is no longer representing him. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

4. To support his contention, appellant includes in his brief the following exchanges which occurred during his cross-examination:

Q. (prosecutor) And when you came out of the field you saw the two people, Ms. Moore and James Hayden starting into the field?
A. (appellant) Yes.
Q. And I believe you testified that you knew James at least to see him but not his girlfriend?
A. Yes.

\* \* \* \* \* \*

Q. And were you on the first name basis with him?
A. Well, usually anyone I know I try to have a good relationship and I ask them what is happening and things like that.
Q. Now, both he and Dorthea Moore testified that you warned them about an old dude, rapist?
A. I never mentioned anything about an old dude.
Q. Well, where in the world would they come up with something like—
MR. SNYDER: I object, Your Honor. That calls for a conclusion that this witness could not possibly know.
THE COURT: Sustained.

\* \* \* \* \* \*

Q. My question to you is this: Why did you go into the field?
A. Because I am a man and I never dreamed about anyone attacking me.
Q. Because you knew that you were bigger than Mr. Houser?

thermore, at side-bar the trial court commented that the prosecutor's attitude and questions were argumentative.

Although a prosecutor's language may be improper, a new trial is not required unless the "unavoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict". *Commonwealth v. Hoss*, 469 Pa. 195, 364 A.2d 1335 (1976). The nature of the questions objected to by appellant's trial counsel were certainly not of the prejudicial nature which would destroy the jury's ability to render a true verdict. Furthermore, since all objections were sustained, every attempt by trial counsel to prevent the prosecutor from pursuing an improper question was successful.

Since appellant's contention that the prosecutor's cross-examination of appellant requires that a new trial be granted is without merit, trial counsel was not ineffective for failing to request a mistrial.

The judgment of sentence is affirmed.

A. Yes.
Q. And you knew that he was going to be back there, did you not?
A. No, I did not.
Q. And you had no idea that he was there, is that correct?
A. None whatsoever.
Q. And you thought that because the fifteen minutes had passed, that he would be gone?
A. I did not know if he would go or if he still would be there. It did not make any difference to me because we did not have anything in common.
Q. If you were upset enough to warn Mr. Hayden—
MR. SNYDER: I object, Your Honor. I object to the Assistant District Attorney's characterization. I would ask that he be able to ask a question. I realize where he is coming from, but I object to the way the questions are being phrased, not the questions themselves.
THE COURT: The objection is well taken and sustained.