462 A.2d 239

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Harrison MANIGAULT, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 29, 1983.

Decided July 11, 1983.

508

Barnaby C. Wittels, Philadelphia (Court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Michael Clarke, Asst. Dist. Atty., Philadelphia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

ZAPPALA, Justice.

Appellant was convicted on February 14, 1980 of the second degree murder [1] of his girlfriend which occurred on February 3, 1972. In this direct appeal, the Appellant asserts three errors; first, the admission by the trial court of evidence of his prior criminal conduct; second, the trial court's refusal to give a missing witness instruction; and, last, the ineffectiveness of his trial counsel.

Before reaching the merits of these contentions, however, we must address the Appellee's argument that Appellant's first two assertions of error had been waived. The record indicates that the issues of the Appellant's prior criminal

---

1. What was classified as second degree murder at the time of the crime has since been reclassified by the Legislature as third degree murder. *See* Act of March 26, 1974, P.L. 213, No. 46; 18 Pa.C.S. § 2502.

conduct and the court's refusal to give a missing witness instruction were waived.

Appellant erroneously relies on *Commonwealth v. Gravely,* 486 Pa. 194, 404 A.2d 1296 (1979) as supporting his argument that because the lower court addressed the merits of these issues in its opinion, the issues were preserved for appeal. Reliance on *Gravely* is misplaced for several reasons. First, *Gravely* represented a final, definitive statement as to whether certain issues would be preserved for appellate review despite failure to comply with Rule of Criminal Procedure 1123(a). The essence of the rule announced in *Gravely* was that "only those issues included in post-verdict motions will be considered preserved for appellate review." 486 Pa. at 198–99, 404 A.2d at 1298. This rule was made prospective only, however, and cases wherein motions were filed prior to September 4, 1979 (60 days after the *Gravely* decision) were given the benefit of the "substantial compliance" rule which had developed in several previous cases. Appellant's motion here was filed February 20, 1980.

■ Second, and more important, the question addressed in *Gravely* was the reverse of the question presented here. In *Gravely,* we considered whether issues *not stated* in post-trial motions, but nevertheless briefed and considered by the court below, were preserved for appellate review. In this case, the issues *were stated* in the post-trial motion, but were not briefed or argued. (The court below ruled that these issues had for this reason been waived, but addressed their merits in anticipation of the appealability of the waiver issue itself). In *Commonwealth v. Williams,* 476 Pa. 557, 383 A.2d 503 (1978), we held that where issues raised in post-trial motions were not briefed or argued, these issues are waived. The holding in *Williams* is controlling in this case. We write at length to make explicit what should have been abundantly clear after *Williams* and *Gravely,* that only issues which are raised in a post-trial motion in accordance with Rule 1123, and briefed or argued before the court hearing the motion, will be considered preserved for appellate review.

Appellant's final contention is that his trial counsel was ineffective for failing to prepare and present a coherent defense and, further, due to our ruling today, for failing to preserve issues for appellate review. We find these claims devoid of merit.

■ In considering a claim of ineffectiveness of counsel for failing to preserve issues in the trial court for appellate review, this Court utilizes a two-step analysis. First, we must determine if the issues not preserved were of arguable merit, and if so, we must then determine whether the course chosen by counsel had some reasonable basis designed to effectuate his client's interests. *Commonwealth v. Burton,* 491 Pa. 13, 417 A.2d 611 (1980). Counsel will not be deemed ineffective for failing to assert a baseless claim. *Commonwealth v. Giknis,* 491 Pa. 215, 420 A.2d 419 (1980).

■ The first claim waived by Appellant was that testimony of prior criminal conduct against the decedent should not have been admitted into evidence. The evidence showed that two days prior to the murder, the Appellant and decedent had argued and that decedent had fled the apartment with a cut lip and black eye (Tr. 90, 138–142). This testimony was clearly admissible to show malice, ill will or motive, *Commonwealth v. Styles,* 494 Pa. 524, 431 A.2d 978 (1981), and thus an allegation of error in this regard is devoid of merit.

■ Next, Appellant claimed that the lower court should have given a missing witness instruction when the Commonwealth failed to call an eyewitness to the murder. This claim is also without arguable merit since this witness was equally available to both parties.

In *Commonwealth v. Jones,* 455 Pa. 488, 495, 317 A.2d 233, 237 (1974), we articulated the "missing witness" inference rule as follows:

" '[W]hen a potential witness is available to *only one of the parties* to a trial, and it appears this witness has special information material to the issue, and this person's testimony would not be merely cumulative, then if such

party does not produce the testimony of this witness, the jury may draw an inference it would have been unfavorable. See McCormick, Law of Evidence, 534 (1954). See also *Bentivoglio v. Ralston,* 447 Pa. 24, 288 A.2d 745 (1972), and *Commonwealth v. Wright,* 444 Pa. 536, 282 A.2d 323 (1971).' *Commonwealth v. Moore,* 453 Pa. 302, 305, 309 A.2d 569, 570 (1973)." (Emphasis added)

On the basis of the record before us, to allow such an inference to be drawn would have been error since the record is devoid of any evidence that the witness was available only to the Commonwealth. In fact, the record clearly reveals that Appellant had an equal opportunity to question or call the witness.

Appellant's final allegation of ineffectiveness of counsel must also be dismissed as lacking merit. Appellant contends that the defense presented by his counsel at trial lacked any strategy. He challenges counsel's cross-examination of a Commonwealth witness and the alleged erroneous calling of two witnesses on Appellant's behalf, ostensibly charging that these witnesses harmed rather than helped Appellant's case. After a thorough review of the record, we disagree.

The well-established rule in this Commonwealth is that trial counsel will be deemed effective if the "particular course chosen by counsel has *some reasonable basis* designed to effectuate his clients' interests. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967) (Emphasis in original)", *Commonwealth v. Upsher,* 497 Pa. 621, 626, 444 A.2d 90, 92 (1982).

As to the cross-examination of the Commonwealth witness, counsel was attempting to impeach this witness and was successful to the extent that it resulted in the trial court's instructions to the jury on inconsistent testimony and credibility (Tr. 328–329).

As to the calling of the first of two defense witnesses, the mere fact that the prosecutor's cross-examination of that witness drew continuous objections by defense counsel is no reason to deem counsel ineffective for having called him.

Moreover, in this instance, most of the objections of defense counsel were sustained, and thus could not be considered unfavorable to Appellant (Tr. 211–218).

Appellant's complaint regarding the second witness being called because through him the murder weapon was introduced must also fail. As counsel stated at trial, he called this witness to negate an inference that Appellant fled the scene with the murder weapon, an action which we find had a reasonable basis and advanced his defense (Tr. 207).

Having reviewed Appellant's contentions and finding none containing merit, we must affirm the Judgment of Sentence entered by the lower court.

Judgment of sentence affirmed.

FLAHERTY, Justice, filed a concurring opinion.

FLAHERTY, Justice, concurring.

I am in agreement that, on this record, appellant is entitled to no relief; however I write separately to express my disagreement with the requirements for preserving a claim for appellate review, as set forth in the opinion of Mr. Justice Zappala. Pa.R.Crim.P. 1123 prescribes the method of preserving claims for appellate review:

**Rule 1123. Post-Verdict Motions**

(a) Within ten (10) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment.

. . . . . .

(c) Upon the finding of guilt, the trial judge shall advise the defendant on the record:

(1) of the right to file post-verdict motions and of the right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein;

(2) of the time within which he must do so as set forth in paragraph (a); and

(3) that only the grounds contained in such motions may be raised on appeal.

This rule was interpreted in *Commonwealth v. Blair*, 460 Pa. 31, 33 n. 1, 331 A.2d 213, 214 n. 1 (1975), as requiring specific, written post-verdict motions to preserve claims for appellate review. Despite the ruling of *Blair*, this Court subsequently considered those allegations of error not specifically raised in post-verdict motions, but raised only in a brief filed in support of boilerplate post-verdict motions, properly preserved for appellate review, *Commonwealth v. Grace*, 473 Pa. 542, 375 A.2d 721 (1977). This practice proved unworkable, and, in *Commonwealth v. Gravely*, 486 Pa. 194, 198–199, 404 A.2d 1296, 1298 (1979), we wrote:

> [T]his Court's experience with *Commonwealth v. Grace, supra,* and its progeny has not been very satisfying. Counsel have more often than not failed to include the briefs in the record and, indeed, have often failed to even mention a brief was presented or filed in the trial court in the oral arguments and briefs before this Court. This unsatisfactory situation is perhaps best typified by *Commonwealth v. Slaughter,* [482 Pa. 538, 394 A.2d 453 (1978)], wherein we had to grant reargument because counsel had failed to adequately advise us of the existence of a brief. Accordingly, in order to conclude this unsatisfactory situation, we now rule that sixty days after the filing of this opinion, only those issues included in post-verdict motions will be considered preserved for appellate review. We caution that this ruling applies to every post-verdict motion which is filed sixty days hence and to any motion which is already filed, but which may still be supplemented after sixty days from this date. Our ruling is prospective only because of the possibility of reliance by counsel on prior decisions of this Court. Cf. *Commonwealth v. Bailey,* 463 Pa. 354, 344 A.2d 869 (1975).

The rule is clear: only those issues raised in specific, written post-verdict motions are preserved for appellate review. As a brief filed in the lower court in support of a post-verdict motion would merely supplement, clarify and give advocacy to issues otherwise specifically set out in the motion, I would not impose a formal requirement for the filing of a supple-

mental brief in every case given the mandate of *Blair,* i.e., the filing of a specific, written post-verdict motion. In most cases, the supplemental brief would be redundant and reiterate matters already presented in the motion itself. Furthermore, as recognized in *Gravely,* the practice of permitting the filing of such supplemental briefs led to such confusion, that this Court should not perpetuate the problem by now *requiring* the filing of a brief in support of post-verdict motions to preserve issues for appellate review. Because I would require only that issues be specifically raised in written post-verdict motions in accordance with *Commonwealth v. Blair, supra,* to be preserved for appellate review, I would overrule the requirement of *Commonwealth v. Williams,* 476 Pa. 557, 383 A.2d 503 (1978) for supplementing post-verdict motions and hold appellant's claims regarding the missing witness instruction and evidence of the prior altercation with the victim properly preserved for appellate review as these were properly raised in post-verdict motions.