**James A. DUTTRY, P–4044, Appellant,**

v.

**SCIP SUPERINTENDENT PETSOCK and The Attorney General of the Commonwealth of Pennsylvania.**

**No. 89–3352.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit Rule 12(6), June 8, 1989.

Decided June 29, 1989.

As Amended Aug. 16, 1989.

—————

James A. Duttry, Pittsburgh, Pa., pro se.[1]

Before SLOVITER, SCIRICA and NYGAARD, Circuit Judges.

**OPINION OF THE COURT**

SLOVITER, Circuit Judge.

Appellant James A. Duttry appeals from the district court's order denying his petition for a writ of habeas corpus for failure to exhaust state remedies as required by 28 U.S.C. § 2254(b). It appears that the district court entered its order on exhaustion without obtaining the state court record. Because we conclude that in this case the district court should have obtained the state court record before dismissing Duttry's habeas petition, we will grant Duttry a certificate of probable cause and remand, pursuant to our procedure for summary action.

I.

Duttry is an inmate at the State Correctional Institute at Pittsburgh, Pennsylvania. On January 5, 1989, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction on five grounds.[2] No answer was filed by the respondents.

The magistrate recommended that the habeas petition be denied because of Duttry's failure to provide "information regarding appeals on the judgment of the sentence in the State Court system." The magistrate stated that Duttry "must secure the information concerning state appeals, their review and conclusion and include this information in the Habeas Corpus Petition." In other words, the magistrate placed the responsibility of producing the relevant portions of the state court record solely upon Duttry.

Duttry timely filed objections to the magistrate's report, arguing that before the habeas petition was dismissed the defendants should have been directed to file an appropriate answer. Rejecting Duttry's

1. Neither the Attorney General of Pennsylvania nor the district attorney of Erie, Pennsylvania, filed an entry of appearance in this court on behalf of any appellee.

2. Duttry alleges five grounds for relief: (1) the evidence was insufficient to convict him and his confession was unlawfully coerced; (2) there

was a conflict of interest between the trial judge and defense counsel, and trial counsel was ineffective; (3) the state trial court lacked subject matter jurisdiction; (4) his guilty plea was involuntary; and (5) he received ineffective assistance of counsel from his appellate and PCHA counsel.

objections, the district court approved and adopted the magistrate's report and recommendation and denied the writ on May 11, 1989. The order stated that there was no probable cause to appeal. Duttry now seeks a certificate of probable cause to appeal to this Court in accordance with 28 U.S.C. § 2253.

## II.

It is axiomatic that a state prisoner seeking federal habeas relief must first exhaust all available state remedies. 28 U.S.C. § 2254(b); *Picard v. Connor,* 404 U.S. 270, 275–76, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971); *Burkett v. Cunningham,* 826 F.2d 1208, 1218 (3d Cir.1987). It is equally true that the habeas petitioner bears "the burden of demonstrating that he has met the procedural requisites that entitle him to relief." *Brown v. Cuyler,* 669 F.2d 155, 158 (3d Cir.1982); *Santana v. Fenton,* 685 F.2d 71, 73 (3d Cir.1982), *cert. denied,* 459 U.S. 1115, 103 S.Ct. 750, 74 L.Ed.2d 968 (1983).

However, we have never interpreted this burden as requiring only the habeas petitioner to submit those parts of the state court record indicative of exhaustion. Where the petitioner is unable, after a good faith effort, to acquire and present the records relevant to exhaustion, it is only fair that the respondents or the district court, who are in a better position to do so, shoulder this responsibility. Indeed, we have recognized an obligation on the part of the district court to review the state court record for purposes of determining whether exhaustion had been satisfied in a particular case. *See Brown,* 669 F.2d at 158; *see also Picard,* 404 U.S. at 273–74, 92 S.Ct. at 511 (Court examined pretrial, trial and appellate papers to determine exhaustion); *Ross v. Petsock,* 868 F.2d 639, 643 (3d Cir.1989) (Gibbons, C.J., dissenting) (because district court appeared not to have reviewed state court record for exhaustion, case should be remanded for that purpose).

We believe that such an instance is presented in this case.

Duttry's habeas petition states that he filed a petition under the Post Conviction Hearing Act, 42 Pa.C.S.A. § 9541 *et seq.,*[3] seeking collateral relief on at least one ground that he is aware of, *viz.,* the ineffective assistance of counsel. The date upon which the PCHA petition was denied is given as July 9, 1981. Duttry maintains that any additional information regarding other appeals, petitions or applications is unknown to him because most of his records "were taken from him by Prison Officials during transfers back-and-forth from Mental Institutions over the interim of time since his imprisonment." Additionally, we note that in his request for a certificate of probable cause, Duttry advises this Court that he "had previously petitioned the State Court(s) for aforesaid documents and transcripts on or about May of 1986, which was denied."

Under these circumstances, we find that Duttry's assertions with respect to his attempt and his inability to secure the necessary records show that he made the requisite good faith effort. His lack of success should not be used as a bar to habeas relief, especially when the district court is fully capable of obtaining the state court record by other means. *See Townsend v. Sain,* 372 U.S. 293, 319, 83 S.Ct. 745, 760, 9 L.Ed.2d 770 (1963) (district court sitting in habeas corpus clearly has power to compel production of complete state court record). Accordingly, the district court was obliged to order the state court record or, at the very least, to direct the respondents to file an answer to the habeas petition with relevant state court papers attached.

## III.

For the reasons set forth above, we will grant Duttry's request for a certificate of probable cause and remand the case with directions to the district court to obtain, or to require respondents to obtain, the relevant portions of the state court record so

---

**3.** Post conviction proceedings in Pennsylvania are now governed by the Post Conviction Relief Act, 1988 Pa.Legis.Serv. 229 (Act 47) (Purdon).

that an informed judgment can be made with respect to exhaustion.