882 F.2d 828
 PEOPLES, Michael, Appellant
v.
FULCOMER, Thomas, Superintendent; the Attorney General of
the State of Pennsylvania and the District
Attorney of Philadelphia County.
 No. 87-1247.
 United States Court of Appeals,
Third Circuit.
 Submitted Pursuant to Third Circuit Rule 12(6)
July 21, 1989.
Decided Aug. 18, 1989.
 
 Robert E. Welsh, Jr., Philadelphia, Pa., for appellant, Michael peoples.
 Elizabeth J. Chambers, Chief, Federal Litigation, Gaele McLaughlin Barthold, Deputy Dist. Atty., William G. Chadwick, Jr., First Asst. Dist. Atty., and Ronald D. Castille, Dist. Atty., Philadelphia, Pa., for appellees.
 Before GIBBONS, Chief Judge, and GREENBERG and SCIRICA, Circuit Judges.
 OPINION OF THE COURT
 GREENBERG, Circuit Judge.
 
 
 1
 This habeas corpus matter under 28 U.S.C. Sec. 2254, following the conviction of Michael Peoples in the Philadelphia Court of Common Pleas in 1981 for arson, endangering persons, aggravated assault and robbery, is before this court on remand from the Supreme Court. See Castille v. Peoples, --- U.S. ----, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). Thus, we need only summarize the procedural history.
 
 
 2
 Peoples's petition, based on the four claims described below, was filed in the district court on July 28, 1986, which, adopting a magistrate's report, dismissed it because of his failure to exhaust state remedies. Peoples appealed and, in an unreported decision on December 30, 1987, on the authority of our then recent opinion in Chaussard v. Fulcomer, 816 F.2d 925 (3d Cir.), cert. denied, 484 U.S. 845, 108 S.Ct. 139, 98 L.Ed.2d 96 (1987), we reversed the judgment of the district court and remanded the case for consideration on the merits, since we held that Peoples had satisfied the exhaustion requirement of 28 U.S.C. Sec. 2254. Peoples v. Fulcomer, 838 F.2d 462 (3d Cir.1987).
 
 
 3
 We reached this result with respect to Peoples's four claims for the following reasons. We concluded that his claim of improper cross-examination predicated on his being questioned at trial with respect to unrelated crimes was exhausted, because it was raised in his post-trial motion in the trial court, in the brief before the Superior Court on his direct appeal, and in his pro se petition to the Supreme Court of Pennsylvania for allocatur, though it was not raised in his counseled petition to that court. We held that Peoples's claim that he was improperly denied a bench trial was exhausted because it was raised in his pro se petition for allocatur, though not in his counseled petition. We also noted that this claim was raised in the post-trial motion in the trial court but not in his brief in the Superior Court. We held that the tainted identification claim was exhausted as it had the same procedural history as the claim of improper cross-examination.[1]
 
 
 4
 Peoples's claim regarding ineffective assistance of trial counsel had two prongs, an allegation that trial counsel was ineffective for failure to seek suppression of the fruits of his allegedly illegal arrest, and for failure to object to admission of evidence that Peoples changed his hair style before a line-up. We characterized the second prong as a failure to object to admission of evidence of other crimes, as Peoples in his petition for habeas corpus referred to the change in his hair style as a contempt of court. We indicated that the first prong was exhausted as it was raised in Peoples's pro se petition for allocatur and that the second prong was exhausted as it, too, was raised in the pro se petition for allocatur, though not in his post-trial brief, the Superior Court brief or the counseled petition for allocatur.
 
 
 5
 The Supreme Court "granted certiorari to consider whether the presentation of claims to a State's highest court on discretionary review, without more, satisfied the exhaustion requirements of 28 U.S.C. Sec. 2254." Castille v. Peoples, 109 S.Ct. at 1059. It held that such a presentation will not satisfy the exhaustion requirements of 28 U.S.C. Sec. 2254(c) "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefore,' " the standard by which petitions for allocatur are considered by the Supreme Court of Pennsylvania. Thus, the Supreme Court concluded "it was error for the Court of Appeals to rest a conclusion of exhaustion upon [Peoples's] presentation of his claims in petitions for allocatur." The Court went on, however, to point out that "[t]he requisite exhaustion may nonetheless exist, of course, if it is clear that [Peoples's] claims are now procedurally barred under Pennsylvania law." 109 S.Ct. at 1060. It remanded the matter to us to make that determination. Id.
 
 
 6
 Our function is now quite limited. Nothing in the opinion of the Supreme Court disturbed our prior determinations that Peoples's claims regarding cross-examination and identification were exhausted, as our findings on those claims were not based solely on their presentation to the Supreme Court of Pennsylvania in a petition for allocatur. Rather, we held that they were exhausted because they were raised by Peoples in both his post-trial motion in the trial court and on his direct appeal to the Superior Court, as well as in his pro se petition for allocatur. These conclusions are the law of the case and, though now partially challenged by the state, will not be revisited. See, e.g., Todd and Co. v. SEC, 637 F.2d 154 (3d Cir.1980). We do, however, consider the claims of the denial of a bench trial and of ineffective assistance of counsel, because our findings of exhaustion on these claims were predicated solely on their presentation in the pro se petition for allocatur.
 
 
 7
 First, we hold that Peoples's claim for relief because of the denial of the bench trial is exhausted, as it is clear that it is procedurally barred under Pennsylvania law. Under the Pennsylvania Post Conviction Relief Act, 42 Pa. Cons. Stat.Ann. Sec. 9541 et seq. (Purdon Supp.1989), a petitioner, to obtain relief must prove, among other things, "[t]hat the allegation of error has not been previously litigated." Id. at Sec. 9543(a)(3). A matter has been previously litigated if "it has been raised in the trial court, the trial court has ruled on the merits of the issue and the petitioner did not appeal." Id. at Sec. 9544(a)(1). As we have indicated, Peoples did raise the bench trial issue in the trial court but did not appeal on that point to the Superior Court. Accordingly, the bench trial issue would be regarded in a Pennsylvania Post Conviction Relief Act proceeding as "previously litigated" and Peoples thus could not obtain relief by reason of its denial in such a proceeding. While the state, citing Commonwealth v. Piper, 458 Pa. 307, 328 A.2d 845 (1974), urges that Peoples's failure to raise the bench trial issue on direct appeal waived it, we are not at this time concerned with that contention. Rather, if the state adheres to that contention in the district court on the remand that we are ordering, it may oppose his habeas corpus petition on that basis. See Teague v. Lane, --- U.S. ----, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989); Murray v. Carrier, 477 U.S. 478, 492, 106 S.Ct. 2639, 2647-48, 91 L.Ed.2d 397 (1986).
 
 
 8
 The claim of ineffective assistance of counsel, however, stands on a different basis. As we have indicated, in his petition for a writ of habeas corpus, Peoples charged that his trial counsel was ineffective by reason of his failure to file a pretrial motion to suppress the evidence obtained from an illegal arrest and by reason of his failure to object to evidence that Peoples had committed the unrelated crime of contempt of court by changing his hair style prior to a line-up. Not surprisingly, the parties are in agreement that the issue was not raised in the trial court. Furthermore, the parties agree that it was not raised in the Superior Court, even though Peoples was not represented on his direct appeal by his trial attorney.
 
 
 9
 We have examined the record from the state court proceedings in the appendix submitted on this appeal, which includes the trial court opinion of June 8, 1982, denying Peoples's post-trial motion, his Superior Court brief, and the unreported Superior Court opinion, and concur that the charge of ineffective assistance of counsel on either of the foregoing bases was not raised in the trial court or the Superior Court. While Peoples's brief in the Superior Court did assert that trial counsel had been ineffective, the allegations were that counsel had intentionally absented himself from a scheduled line-up and did not adequately prepare Peoples's defense, as he did not see him until approximately two weeks prior to the trial, and thus missed the opportunity to obtain a potentially helpful witness and to confer timely with Peoples about waiving a jury trial. It was further charged in the Superior Court brief that trial counsel was ineffective, as he was under the influence of alcohol at the trial, refused to abide by Peoples's wishes in exercising peremptory challenges, did not obtain and review the notes of Peoples's testimony on a hearing to suppress an identification, failed to challenge the sufficiency of the evidence in a post-trial motion, and failed to challenge the sentence on the basis of its illegality. Thus, the charge of ineffective assistance of counsel on the bases now advanced was first raised in the petition for allocatur to the Supreme Court of Pennsylvania and is therefore not exhausted by reason of having been presented to the Superior Court. See Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir.1986).
 
 
 10
 Peoples has the burden to show that the Pennsylvania courts will no longer entertain the claims of ineffective assistance of counsel raised in the habeas corpus petition. See Duttry v. Petsock, 878 F.2d 123, 123-24 (3d Cir.1989); Santana v. Fenton, 685 F.2d 71, 75 (3d Cir.1982), cert. denied, 459 U.S. 1115, 103 S.Ct. 750, 74 L.Ed.2d 968 (1983); Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir.1982). Thus, if "a fair reading of the state post-conviction relief statute indicates that a state court might well entertain ... claims not raised in prior proceedings, and in the absence of a state court decision clearly foreclosing such a result," he has not exhausted his state remedies. Gibson v. Scheidemantel, 805 F.2d at 139 (quoting Santana, 685 F.2d at 75.)
 
 
 11
 Under the Post Conviction Relief Act a petitioner, such as Peoples, who has been convicted of a crime under Pennsylvania law and who is serving a sentence of imprisonment, may obtain relief if he pleads and proves that the conviction resulted from one or more of certain infringements on his rights, including a violation of the Constitution of the United States or ineffective assistance of counsel, providing that in the circumstances of the particular case, the truth-determining process was so undermined that no reliable adjudication of guilt or innocence could have taken place. 42 Pa. Cons. Stat. Ann. Sec. 9543(a)(2)(i) and (ii). In addition, the petitioner must also establish that the allegation of error has not been previously litigated and, either has not been waived, or if waived, resulted in the conviction or affirmance of the conviction of an innocent individual, or does not constitute a state procedural default barring federal habeas corpus relief. Id. at Sec. 9543(a)(3). Finally, the petitioner must show that the failure to litigate the issue prior to or during trial or on direct appeal could not have been the result of any rational strategic or tactical decision by counsel. Id. at Sec. 9543(a)(4).
 
 
 12
 The Post Conviction Relief Act provides that a matter has previously been litigated if it has been raised in the trial court, the trial court has ruled on the merits of the issue and the petitioner did not appeal, or if the highest appellate court in which the petitioner could have review as a matter of right has ruled on the merits of the issue, or if the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence. Id. at Sec. 9544(a). Inasmuch as Peoples only raised the claim of ineffective assistance of counsel on the bases now advanced in his petition for allocatur and never received an adjudication on the issue in a prior collateral proceeding, it has not been previously litigated.
 
 
 13
 It does appear, however, that the issue has been waived under the Post Conviction Relief Act as it could have been raised on appeal in the Superior Court, as were other bases for the claim of ineffective counsel. Id. at Sec. 9544(b). However, inasmuch as even a waived allegation of error can be the grounds for relief if the waiver does not constitute a procedural default barring federal habeas corpus relief, we think that the Pennsylvania courts might well entertain Peoples's claim on the merits on this issue. As we indicated in Ross v. Petsock, 868 F.2d 639, 642 (3d Cir.1989), section 9543(a)(3)(iii) of the Post Conviction Relief Act "demonstrates that Pennsylvania has a preference for post conviction attacks being initially litigated in its courts rather than the United States district courts and in furtherance of that policy will disregard what would otherwise be a fatal procedural default." This policy is further demonstrated by section 9543(a)(2)(v), which provides that a violation of the Constitution, law or treaties of the United States will constitute an infringement of a petitioner's rights if it would require the granting of federal habeas corpus relief.
 
 
 14
 Thus, we do not think it likely that the Pennsylvania courts will avoid the preference for adjudication of post-conviction relief claims on the merits in the state courts. To do so they would have to make a "cause and prejudice" analysis ordinarily made in a federal court and attempt to decide whether the federal courts would hold that Peoples's failure to raise the ineffective assistance of counsel issue on the bases now advanced on the direct appeal to the Superior Court, is a procedural default barring federal habeas corpus relief.[2] See Teague v. Lane, 109 S.Ct. at 1068. If the Pennsylvania courts held that the waiver did constitute a procedural bar to federal habeas corpus relief and thus refused to entertain Peoples's claim on the merits, they would run the risk that the federal courts would disagree, find the state remedies exhausted, and make the initial adjudication of the claim of ineffective assistance of counsel on the merits. Furthermore, even if the Pennsylvania courts did make a ruling on whether there is a procedural bar to federal habeas corpus relief, we cannot know how they would decide the issue. Accordingly, we conclude that, at the very least, Peoples has not demonstrated that he has exhausted his state remedies on the claim of ineffective assistance of counsel.
 
 
 15
 In view of the foregoing conclusions, Peoples has filed a mixed petition which includes both exhausted and unexhausted claims and thus he may not proceed on it. Rose v. Lundy, 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982). He may, however, at his option delete the unexhausted claim regarding the ineffective assistance of counsel and proceed with the other claims. See Reynolds v. Ellingsworth, 843 F.2d 712, 724 n. 22 (3d Cir.), cert. denied, --- U.S. ----, 109 S.Ct. 403, 102 L.Ed.2d 391 (1988). Accordingly, we will remand the matter to the district court for Peoples to make his election as to how he wishes to proceed. If he deletes the claim of ineffective assistance of counsel, the district court shall proceed with the remainder of his claims, treating them as exhausted, subject to such other procedural and substantive issues which the state may raise.
 
 
 
 [1]
 The Superior Court affirmed Peoples's conviction in an unreported opinion. See 319 Pa.Super. 621, 466 A.2d 720 (1983). The opinion referred to the fact that the cross-examination and identification issues were raised in the post-trial motions, and adopted the trial court's decision denying Peoples relief on those two issues. Of course, once the matters are presented on direct appeal no state post-conviction relief proceeding is needed to exhaust state remedies. O'Halloran v. Ryan, 835 F.2d 506, 509 (3d Cir.1987)
 
 
 [2]
 The seeming anomaly that we are predicting how a state court would rule while concluding that a state court would not predict how a federal court would rule, is not lost on us. But there is a reason for distinguishing between the two court systems in this regard. The Pennsylvania Post Conviction Relief Act demonstrates a preference for post-conviction challenges being heard in the Pennsylvania courts. The federal policy is in harmony with this state policy, as demonstrated by the exhaustion requirements. By deferring to the state courts we carry out the policy of both court systems. See Castille v. Peoples, 109 S.Ct. at 1059