Samuel **HARPER**

v.

Joseph F. **MAZURIEWICZ, et al.**

Civ. A. No. 93–3948.

United States District Court,
E.D. Pennsylvania.

April 4, 1994.

Samuel Harper, pro se.

Donna G. Zucker, of the Philadelphia County Dist. Attorney's Office, for respondent.

## ORDER

LOWELL A. REED, Jr., District Judge.

AND NOW, this 1st day of April, 1994, after careful and independent consideration of the petition for a writ of habeas corpus and after review of the Report and Recommendation of Diane M. Welsh, United States Magistrate Judge, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The petition for a writ of habeas corpus is DISMISSED, without prejudice; and

3. There is no probable cause for appeal.

## REPORT AND RECOMMENDATION

March 16, 1994

WELSH, United States Magistrate Judge.

Presently before the court is a *pro se* petition for a writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. On June 2, 1987, following a jury trial in the Court of Common Pleas for Philadelphia County, the petitioner was convicted of rape, burglary, corruption of a minor and terroristic threats. The petitioner was subsequently sentenced to a term of imprisonment of nine to twenty years. He is currently incarcerated at the State Correctional Institution Rockview, located in Bellefonte, Pennsylvania.

The petitioner has raised several claims in his petition. They are as follows: (1) the petitioner's conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure and the state failed to provide a full and fair hearing on the merits of the fourth amendment issue; (2) trial counsel was ineffective for withdrawing a motion to suppress evidence based on a lack of probable cause for arrest; (3) counsel was ineffective for failing to preserve the issue of the warrantless seizure of evidence; (4) counsel failed to preserve a challenge to a hearsay statement of police officer Leroy Wilson regarding identification of certain clothing; (5) the prosecution withheld an exculpatory medical report; (6) trial counsel ineffectively cross-examined Dr. Steven

McKensie, regarding inconsistent medical reports as well as testimony regarding statements made to him by the complainant; (7) trial counsel ineffectively cross-examined Sgt. Robert Feeney regarding the circumstances under which the petitioner's statement was taken; (8) the petitioner was denied his direct appeal to the Superior Court by counsel's failure to file an appellate brief; (9) the petitioner was denied his rights under Pennsylvania Rule of Criminal Procedure 1100; (10) trial counsel was ineffective for failing to preserve a challenge to the polling of the jury; (11) counsel was ineffective for failing to challenge the denial of his right to allocution; (12) the trial judge erroneously expressed his opinion that the evidence of rape was "self-explanatory"; (13) the trial court erroneously admitted hearsay as a present sense impression. Petition (Document No. 1) at 4–5. .

█ Only violations of the federal constitution and laws are cognizable under § 2254. Thus, the petitioner's claim that he was denied his rights under Pennsylvania Rule of Criminal Procedure 1100 is not cognizable under § 2254. *Wells v. Petsock*, 941 F.2d 253, 256 (3d Cir.1991).

█ Before a federal court may consider the merits of a petition for a writ of habeas corpus, the petitioner must have exhausted all of his available state remedies as to each of his claims relied upon for relief. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). In order to exhaust state remedies, the petitioner's claims must have been presented to the trial court, the state's intermediate appellate court and the state's highest court. *Evans v. Court of Common Pleas, Delaware County*, 959 F.2d 1227, 1230 (3d Cir.1992). A claim will not be deemed exhausted if it is raised for the first time in the state's highest court on discretionary review. *Id.* (citing *Castille v. Peoples*, 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989)). The petitioner has the burden of establishing that exhaustion has been met. *Gonce v. Redman*, 780 F.2d 333, 336 (3d Cir.1985); *Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir.1982).

The petitioner traveled a circuitous path in presenting his claims to the state courts.

After his conviction, trial counsel filed post-trial motions and was then permitted to withdraw · as counsel. The petitioner was then appointed new counsel. New counsel filed supplemental post-trial motions, wherein he challenged the effectiveness of trial counsel's representation. After post-trial motions were denied, new counsel filed a timely notice of appeal to the Superior Court of Pennsylvania. After the trial judge filed his opinion explaining why he had denied post-trial motions, the Superior Court set a briefing schedule. New counsel failed to file a brief in support of the appeal and, on December 15, 1988, the Superior Court dismissed the appeal on that ground. Thereafter, the petitioner filed a *pro se* petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541 *et seq.* The petitioner was appointed a third attorney who filed a supplemental petition on his behalf. In the supplemental petition, third counsel sought to preserve the issues raised by the petitioner's two prior counsel and he raised several new grounds of ineffective assistance by trial counsel and second counsel. The PCRA court reinstated the petitioner's appellate rights and he was represented by his third attorney in his direct appeal to the Superior and Supreme Courts of Pennsylvania.

The petitioner raised his twelfth and thirteenth claims to the trial court, and in his direct appeal to the Superior Court and Supreme Courts. Thus, those two claims are exhausted. The record reveals that the petitioner raised his eleventh claim to the Superior Court and the Supreme Court and that he raised it in his PCRA petition. Thus, this claim is exhausted as well. Of the petitioner's remaining cognizable claims, he raised the first, third, fourth, and fifth in the trial court but he did not pursue them on appeal. Thus, those claims are not exhausted. In addition, the petitioner raised his second, sixth, seventh, eighth, and tenth claims in his PCRA petition but did not pursue them on appeal. Thus, those claims as well are not exhausted.

The respondent has argued that two of the petitioner's claims are procedurally defaulted and that many others are not exhausted. Response to Petition for Writ of Habeas

Corpus ("Response") (Document No. 7) at 4–6. The respondent also argues that the petitioner has a remedy available under the PCRA so that he can obtain state review of his unexhausted claims. *Id.* at 7. The respondent does concede that the petitioner's last three claims are exhausted so that this is a mixed petition. *Id.* at 5–6. Finally, the respondent argues that, because this is a mixed petition, *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) requires that the petition be dismissed without reviewing the merits of any of the petitioner's claims. *Id.* at 6.

■ Since the petitioner has presented many of his unexhausted claims to the trial court or the PCRA court but not in his direct appeal, I must determine whether, by failing to present his claims on direct appeal, the petitioner has committed a procedural default in the state courts. *See Peoples v. Fulcomer,* 882 F.2d 828, 830 (3d Cir.1989) (citing *Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989)). The petitioner raised his first, third, fourth and fifth claims in the trial court but not in his appeal to the Superior and Supreme Courts. In the opinion denying the petitioner's post-trial motions, the trial judge held that although the petitioner had raised these claims in his post-trial motions, he abandoned them by failing to argue them before the trial judge. *Commonwealth v. Harper,* Bill Nos. 524–530 October Term 1986, slip op. at 1–2 (Common Pleas Ct. Sept. 15, 1988). In so holding, the trial court relied on the holding in *Commonwealth v. Manigault,* 501 Pa. 506, 462 A.2d 239 (1983), that issues raised in post-trial motions but not briefed or argued are waived. *Manigault,* 462 A.2d at 241. The petitioner's failure to comply with the *Manigault* state procedural rule is an adequate and independent ground which would bar habeas relief. The trial judge's holding that the petitioner's claims were waived pursuant to *Manigault* was not disturbed by any appellate court because the petitioner did not raise the waived claims again. Thus, the petitioner committed a procedural default in

the trial court and the claims he defaulted cannot be reviewed unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to review his claims would result in a fundamental miscarriage of justice.[1] *Coleman v. Thompson,* 501 U.S. 722, ——, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

Here, the petitioner has failed to demonstrate adequate cause for his procedural default or actual prejudice. Nor would his claim fall within the "fundamental miscarriage of justice" exception because the petitioner does not raise a colorable claim of actual innocence. *See Hull v. Freeman,* 991 F.2d 86, 91 n. 3 (3d Cir.1993) (The fundamental miscarriage of justice exception to the procedural default rule is concerned with actual innocence.). Accordingly, his first, third, fourth and fifth claims may not be reviewed by reason of procedural default.

■ The petitioner raised his second, sixth, seventh, eighth and tenth claims in his PCRA petition but did not raise them in his appeal to the Superior and Supreme Courts. I must determine whether he has a remedy available to him under the PCRA. If he does, those claims are unexhausted; if he does not, those claims are exhausted. In making that determination, I am guided by the Third Circuit's opinion in *Peoples v. Fulcomer.*

Under the Post Conviction Relief Act a petitioner, ... who has been convicted of a crime under Pennsylvania law and who is serving a sentence of imprisonment, may obtain relief if he pleads and proves that the conviction resulted from one or more of certain infringements on his rights, including a violation of the Constitution of the United States or ineffective assistance of counsel, providing that in the circumstances of the particular case, the truth-determining process was so undermined that no reliable adjudication of guilt or innocence could have taken place. 42 Pa. Cons.State Ann. § 9543(a)(2)(i) and (ii). In addition, the petitioner must also establish

---

1. Because the petitioner has committed a procedural default with respect to his first, third, fourth and fifth claims, he has no state remedies available to him and those claims are deemed exhausted. *Peoples v. Fulcomer,* 882 F.2d at 830.

that the allegation of error has not been previously litigated and, either has not been waived, or if waived, resulted in the conviction or affirmance of the conviction of an innocent individual, or does not constitute a state procedural default barring federal habeas corpus relief. *Id.* at § 9543(a)(3). Finally, the petitioner must show that the failure to litigate the issue prior to or during trial or on direct appeal could not have been the result of any strategic or tactical decision by counsel. *Id.* at § 9543(a)(4).

The Post Conviction Relief Act provides that a matter has previously been litigated if it has been raised in the trial court, the trial court has ruled on the merits of the issue and the petitioner did not appeal, or if the highest appellate court in which the petitioner could have review as a matter of right has ruled on the merits of the issue, or if the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence. *Id.* at § 9544(a). *Peoples v. Fulcomer,* 882 F.2d at 831.

The petitioner did raise his second, sixth, seventh, eighth and tenth claims, which are in the nature of ineffectiveness of counsel, in his PCRA petition. The only relief the PCRA court granted was reinstating the petitioner's appellate rights. To do that, the PCRA court only had to review the petitioner's allegations of ineffective assistance regarding second counsel's failure to file a brief to the Superior Court.[2] The PCRA court did not have to decide the habeas claims, which involve allegations of ineffective assistance by trial counsel, in order to grant the petitioner the limited relief he received. Thus, it appears that the petitioner's habeas claims were not ruled upon by the PCRA court. Since they were not decided by the PCRA court, those claims are not previously litigated as defined in 42 Pa.C.S.A. § 9544(a).

The issue of waiver remains. If the petitioner committed a waiver by failing to pursue his habeas claims in the Superior and Supreme Courts, then habeas review may be barred if the waiver constitutes a procedural default. Since the petitioner was represented by a new attorney before the Superior and Supreme Courts, he could have raised his claims of trial counsel's ineffectiveness in his direct appeal. Thus, his claims may have been waived by his failure to pursue them in his direct appeal. 42 Pa.C.S.A. § 9544(b). "But under the Post Conviction Relief Act waivers are not absolute." *Ross v. Petsock,* 868 F.2d 639, 642 (3d Cir.1989). Further, "Pennsylvania has a preference for post conviction attacks being initially litigated in its courts rather than the United States district courts and in furtherance of that policy will disregard what would otherwise be a fatal procedural default." *Peoples v. Fulcomer,* 882 F.2d at 832 (quoting *Ross v. Petsock,* 868 F.2d at 642). In *Peoples,* the Third Circuit referred to 42 Pa.C.S.A. § 9543(a)(3)(iii) and concluded that "Pennsylvania courts would not avoid the preference for adjudication of post-conviction relief claims on the merits in the state courts", because to do so they would have to make a cause and prejudice analysis ordinarily made in federal court. *Id.* The Third Circuit noted that such an analysis would expose the state courts to the risk that they would erroneously hold that a waiver constituted a procedural default and that a habeas court would disagree and become the first court to review a claim on its merits. *Id.*

I am bound by the Third Circuit's reasoning in *Peoples v. Fulcomer* and I therefore conclude that the state courts might well entertain the petitioner's claims on their merits. Accordingly, I conclude that, at the very least, the petitioner has not demonstrated that he has exhausted his state remedies with regard to his second, sixth, seventh and tenth claims.

■ Because the petition contains unexhausted claims, this is a mixed petition and pursuant to *Rose v. Lundy,* it should be dismissed without prejudice. *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982). The petitioner is free to either attempt to exhaust his unexhausted claims or to file a new habeas corpus petition

---

**2.** This allegation is the substance of the petitioner's eighth habeas claim. The PCRA court resolved this claim in the petitioner's favor and the claim is now moot since it could not provide him any additional relief. Because it is moot this claim will not be reviewed further.

wherein he raises only his exhausted claims. If the petitioner chooses the latter option, his attention is directed to the Court's caveat in *Rose v. Lundy* with respect to a petitioner's withdrawal of unexhausted claims:

> By invoking this procedure, however, the [petitioner] would risk forfeiting consideration of his unexhausted claims in federal court. Under 28 U.S.C. § 2254 Rule 9(b), a district court may dismiss subsequent petitions if it finds that "the failure of the petitioner to assert those [new] grounds in a prior petition constituted an abuse of the writ."

*Rose v. Lundy*, 455 U.S. at 520–21, 102 S.Ct. at 1204.

### RECOMMENDATION

AND NOW, this 16th day of March, 1994, it is RECOMMENDED that the petition for a writ of habeas corpus be DISMISSED, without prejudice and that a finding be made that there is no probable cause for appeal.