David LOGAN

v.

Donald T. VAUGHN, et al.

Civ.A. No. 94–4471.

United States District Court,
E.D. Pennsylvania.

June 13, 1995.

David Logan, pro se.

Donna G. Zucker, Deborah Fleisher, Dist. Atty.'s Office, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

ANITA B. BRODY, J.

█ Before me is the habeas corpus petition of David Logan, a *pro se* petitioner who is currently incarcerated at the State Correctional Institution at Graterford, Pennsylvania. Pursuant to 28 U.S.C. § 636(b)(1)(B) Logan's petition was referred to United States Magistrate Judge Edwin E. Naythons who recommended denying the petition. Logan filed written objections to this recommendation, and pursuant to 28 U.S.C. § 636(b)(1) I am responding to those objections. I must determine whether Logan procedurally defaulted the claim raised in his habeas corpus petition, and if so, whether he can show a) cause and prejudice or b) a miscarriage of justice. Since I find that Logan procedurally defaulted his claim but is unable to show prejudice or a miscarriage of justice, I will deny Logan's petition.

On August 26, 1992 Logan was convicted of rape in a trial by jury before Judge Pamela Cohen of the Philadelphia Court of Common Pleas. (N.T. 8/26/92 at 7–9.) Logan was sentenced to six and one-half to fifteen years imprisonment. (Petition for Writ of Habeas Corpus at 2.) During Logan's trial both sides presented evidence that Logan, the victim, and the victim's husband had been socializing together in the hours preceding the rape. Logan's sole defense was that the sex had been consensual, not forced. (N.T. 8/25/92 at 32–44; N.T. 8/25/92 at 15–35, 136–167.) During the prosecution's case-in-chief the victim's husband testified that sometime after the rape but before trial Logan told him: "I did it, I'm sorry, I didn't mean to do it." (N.T. 8/24/92 at 51.) The prosecution had learned of the statement one week before trial but only disclosed the statement during direct examination of the victim's husband. (N.T. 8/24/92 at 46–51.) Logan's trial counsel objected to the statement's admissibility contending that the prosecution's failure to disclose the statement during pretrial discovery rendered the statement inadmissible. (N.T. 8/24/92 at 46–51.) Judge Cohen overruled the objection, and Logan's trial counsel cross-examined the victim's husband

1. 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215

until court recessed for the day and then renewed the cross-examination when court reconvened on the following morning. (N.T. 8/24/92, at 52–72; N.T. 8/25/92 4–5.)

Following his conviction Logan renewed his objection to the statement's admissibility in post trial motions, but these motions were denied. *Commonwealth v. Logan*, Nos. 1088–91, slip op. at 3 (C.P.Ct. Jan. 3, 1993). Logan also appealed to the Pennsylvania Superior Court which affirmed his sentence. *Commonwealth v. Logan*, No. 3904, slip op. at 2, 432 Pa.Super. 665, 633 A.2d 1222 (Super.Ct. July 8, 1993). Logan then filed a *pro se* petition for allowance of appeal with the Supreme Court of Pennsylvania, but this petition was returned as untimely. (Petition for Writ of Habeas Corpus at "interim page 2.") Logan refiled his petition for allowance of appeal *nunc pro tunc* which was denied without comment on October 26, 1993. (Response to Petition for Writ of Habeas Corpus at 2.) On August 29, 1994 Logan filed this petition for a writ of habeas corpus in which he maintains that the trial court violated his due process rights, his equal protection rights, and his rights under *Brady v. Maryland* [1] when it permitted the victim's husband to testify to the statement without pretrial disclosure. (Petition for Writ of Habeas Corpus at 4–5.)

█ Prior to seeking federal review, a state petitioner who seeks a writ of habeas corpus must first exhaust available state remedies. *Evans v. Court of Common Pleas, Del. Cty., Pa.*, 959 F.2d 1227, 1231 (3d Cir. 1992), *cert. dismissed*, —— U.S. ——, 113 S.Ct. 1071, 122 L.Ed.2d 498 (1993). Failure to exhaust does not deprive federal courts of jurisdiction but serves the interests of comity and "preserves the role of state courts in protecting federally guaranteed rights." *Id.* Exhaustion is satisfied when the petitioner provides the state courts a fair opportunity to consider alleged constitutional violations by presenting his or her claim to the trial court, the state's intermediate appellate court, and the state's highest court of review, the Pennsylvania Supreme Court. *Id.* at 1230. Exhaustion may also be satisfied if the petitioner is barred from raising his claim

(1963).

because he has no available state forum in which to raise his claim. *Castille v. Peoples*, 489 U.S. 346, 350–52, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380, *reh'g denied*, 490 U.S. 1076, 109 S.Ct. 2091, 104 L.Ed.2d 654 (1989).

■ No state forum remains open for Logan to present his claim. He has already completed the direct appeal process by litigating his claim in the trial court and on appeal to the Pennsylvania Superior Court, and the Pennsylvania Supreme Court denied allocatur without comment. Having raised his claim on direct appeal, Logan has no recourse under the Post Conviction Relief Act. *Peoples v. Fulcomer*, 882 F.2d 828 (3d Cir.1989). Because Logan's claim is barred from state review, I find that he has satisfied the exhaustion requirement.[2]

■ Although a habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion, he or she still faces the procedural default barrier which prevents a federal court from reviewing the petition on the merits unless the petitioner can show a) cause and prejudice or b) a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 727–33, 111 S.Ct. 2546, 2553–55, 115 L.Ed.2d 640, *reh'g denied*, 501 U.S. 1277, 112 S.Ct. 27, 115 L.Ed.2d 1109 (1991). The procedural default barrier stems from the adequate and independent state law grounds doctrine which dictates that federal courts will not review a state court decision involving a question of federal law if the state court decision is based on state law, even a state procedural law, that is independent of the federal question and adequate to support the judgment. *Id.* at 727–31, 111 S.Ct. at 2553–54. In the context of a habeas corpus petition, the doc-

trine prohibits me from reviewing a state petitioner's habeas corpus claim if the state court declined to address the petitioner's federal claims because he or she procedurally defaulted the claims in the state court system. *Id.*

In determining whether the Pennsylvania Supreme Court's denial of allocatur without comment was based on procedural default, I may consider the untimeliness of Logan's petition for allocatur and the Pennsylvania Supreme Court's practice of granting allocatur in *nunc pro tunc* appeals only in exceptional cases. *Caswell v. Ryan*, 953 F.2d 853, 860 (3d Cir.), *cert. denied*, 504 U.S. 944, 112 S.Ct. 2283, 119 L.Ed.2d 208 (1992). Although the Pennsylvania Supreme Court denied Logan's petition without comment, I should infer that the Pennsylvania Supreme Court's denial without comment of a *nunc pro tunc* allocatur appeal was based on the independent and adequate state grounds of untimeliness. *Id.* Because Logan's petition for allocatur was untimely and the Pennsylvania Supreme Court denied allocatur without comment, I find that Logan procedurally defaulted his claim in the state courts.

■ I must still review Logan's petition on the merits, however, if he can show a) cause and prejudice or b) a miscarriage of justice. Logan is unable to satisfy either exception. In order to show prejudice Logan must show that he was denied "fundamental fairness" at trial or that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[3] *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (quoting *United States v. Frady*, 456 U.S. 152, 170–72, 102 S.Ct. 1584,

---

**2.** The respondents contend that Logan raised his federal arguments for the first time in his allocatur petition to the Pennsylvania Supreme Court. (Response to Petition for Writ of Habeas Corpus at 3.) Although a petitioner cannot satisfy the exhaustion requirement simply by raising a claim for the first time on allocatur appeal to the Pennsylvania Supreme Court, the exhaustion requirement may be deemed satisfied if the petitioner is procedurally barred from raising the claim in any state court. *Castille v. Peoples*, 489 U.S. 346, 350–52, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380, *reh'g denied*, 490 U.S. 1076, 109 S.Ct. 2091, 104 L.Ed.2d 654 (1989). I need not

decide whether Logan raised his federal arguments in the lower state courts because respondents concede that Logan's claim is now procedurally barred from state court review. (Response to Petition for Writ of Habeas Corpus at 3–4.)

**3.** Because I find that Logan is unable to show prejudice, I need not evaluate whether Logan can show cause. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816, *reh'g denied*, 456 U.S. 1001, 102 S.Ct. 2287, 73 L.Ed.2d 1296 (1982).

1596, 71 L.Ed.2d 816, *reh'g denied,* 456 U.S. 1001, 102 S.Ct. 2287, 73 L.Ed.2d 1296 (1982)). For the limited purpose of determining whether Logan can show prejudice, I will examine the merits of his claim. Logan contends that permitting the victim's husband to testify to the statement violated due process, equal protection, and *Brady v. Maryland.* Although the prosecution's failure to promptly disclose the statement was clearly improper, the ultimate disclosure prior to Logan's opportunity to cross-exam the victim's husband and prior to Logan testifying on his own behalf prevents the late disclosure from rising to the level of a constitutional violation. The late disclosure fails to amount to a due process or *Brady v. Maryland* violation because Logan had access to the statement before any cross-examination took place, he conducted a thorough cross-examination of the witness over a two-day period, and he had the opportunity to move for a continuance. "Where the government makes Brady evidence available during the course of a trial in such a way that a defendant is able effectively to use it, due process is not violated and Brady is not contravened." *United States v. Johnson,* 816 F.2d 918, 924 (3d Cir.1987). Similarly, the late disclosure also fails to rise to the level of an equal protection violation. Although Logan characterizes the late disclosure as an equal protection violation, his sole argument is that the late disclosure was a violation Pennsylvania Rule of Criminal Procedure 305(B). A violation of state law, however, is insufficient to merit federal habeas relief. "A state prisoner is entitled to relief under 28 U.S.C. § 2254 'only if he is held in custody in violation of the Constitution or laws or treaties of the United States.'" *Engle v. Isaac,* 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982) (quoting 28 U.S.C. § 2254).

■ Under the miscarriage of justice exception, a petitioner must show that a constitutional violation resulted in the conviction of an innocent defendant. *Carrier,* 477 U.S. 478, 494–96, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986). Logan is unable to satisfy this exception because the alleged error fails to reach a level of constitutional magnitude. As discussed above, Logan's access to the statement before any cross-examination took

place, his thorough cross-examination of the witness over a two-day period, and his opportunity to move for a continuance prevents the late disclosure from amounting to a violation of due process of *Brady v. Maryland,* and a violation of a state law without more does not create an equal protection violation. Because the alleged error fails to reach a level of constitutional magnitude, Logan is unable to satisfy the miscarriage of justice exception.

AND NOW, this 8th day of June 1995, it is **ORDERED** as follows:

1. The petition for a writ of habeas corpus is **DENIED** with prejudice; and

2. There is no probable cause for appeal.