

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-11-2009

# Bivings v. Wakefield

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3183

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Bivings v. Wakefield" (2009). *2009 Decisions*. Paper 1756.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1756

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-3183

TERRANCE BIVINGS
Appellant

v.

DAVID L. WAKEFIELD; THE DISTRICT ATTORNEY
OF THE COUNTY OF MONTGOMERY; THE
ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 07-cv-00929)
District Judge: Hon. Berle M. Schiller

Argued February 3, 2009

BEFORE: McKEE and STAPLETON, *Circuit Judges*,
and IRENAS,* *District Judge*

(Opinion Filed: March 11, 2009)

---

*Hon. Joseph E. Irenas, Senior United States District Judge for the District of New
Jersey, sitting by designation.

Amy L. Groff (Argued)
David R. Fine
K&L Gates LLP
17 North Second Street - 18th Floor
Harrisburg, PA  17101
  Attorneys for Appellant

Robert M. Falin (Argued)
Patricia E. Coonahan
Erin C. Lentz
Office of District Attorney
P.O. Box 311
Montgomery County Courthouse
Norristown, PA  19404
  Attorneys for Appellees

OPINION OF THE COURT

STAPLETON, <u>Circuit Judge</u>:

The District Court dismissed with prejudice the habeas petition of appellant, Terrance Bivings.  It did so on the ground that the claims stated therein were procedurally defaulted.  In this appeal, Bivings does not contest that his original claims were procedurally defaulted, but insists that the District Court abused its discretion by ignoring without comment his application for leave to amend to assert specified exhausted claims. We will reverse and remand.

# I. Background

Following a six-day jury trial, Bivings and his co-defendant were convicted of first-degree murder, conspiracy to commit murder, aggravated assault, and possession of firearms not to be carried without a license.[1] Bivings was sentenced to a term of life imprisonment for first degree murder, along with additional terms of years to run both concurrently and consecutively to that sentence on the other charges. The Superior Court of Pennsylvania affirmed his judgment of conviction, and the Pennsylvania Supreme Court denied him leave to appeal on April 26, 2005.

On August 29, 2005, Bivings filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"),[2] which was dismissed. The Superior Court affirmed, and the Pennsylvania Supreme Court denied him leave to appeal on January 5, 2007.

In March of 2007, Bivings, proceeding *pro se,* initiated this proceeding by filing a petition for habeas corpus relief, claiming that: 1) the Commonwealth committed a *Batson v. Kentucky,* 476 U.S. 79 (1986), violation by using a preemptory strike to strike an African American juror, and 2) his trial counsel acted ineffectively by failing to preserve his *Batson* claim during voir dire and on appeal. Promptly thereafter, a magistrate judge issued a report recommending that the habeas petition be denied with prejudice. The report and recommendation noted that Bivings had not raised the *Batson*

---

[1]18 Pa. C.S.A. § 2502(a); 18 Pa. C.S.A. § 903(a); 18 Pa. C.S.A. § 2702(a); 18 Pa. C.S.A. § 6106.

[2]42 Pa.C.S. § 9541, et seq.

claim or the ineffective assistance of counsel claim before a state court and had procedurally defaulted those claims. It rejected Bivings' argument that there was cause for the default, and also determined that a stay and abeyance so that Bivings could return to state court to litigate the *Batson* issue was inappropriate, since Bivings had not presented a "mixed petition" containing both exhausted and unexhausted claims.

On June 7, 2002, Bivings, still proceeding *pro se,* filed objections to the report and recommendation, in which he sought a stay and abeyance of the petition while he returned to state court to exhaust the unexhausted claims, or, in the alternative, leave to amend his habeas petition to delete the unexhausted claims and raise claims that had properly been exhausted. In his objections, Bivings asserted that he had properly exhausted the following five claims before the state court: 1) that he did not waive his rights pursuant to *Miranda v. Arizona,* 384 U.S. 436 (1966), prior to having a police-arranged conversation with his co-defendant surreptitiously intercepted; 2) the trial court erred in permitting into evidence an unnecessarily suggestive identification of him; 3) his trial counsel rendered ineffective assistance in stipulating to the Commonwealth's DNA evidence; 4) his trial counsel rendered ineffective assistance by "failing to file an interlocutory appeal from the denial of the wiretap suppression"; 5) the trial court erred "concerning the application of the wiretap."

The District Court approved and adopted the Magistrate Judge's report and recommendation and ordered that the petition be denied with prejudice. It did not

4

acknowledge or comment upon Bivings' request to amend his petition to include the specified exhausted claims. Thereafter, Bivings filed a *pro se* Fed. R. Civ. P. 59(e) motion to alter or amend the judgment, arguing that the petition contained both exhausted and unexhausted claims and should have been treated as a mixed petition. His motion also insisted that the District Court should have afforded him "the choice of amending or resubmitting his petition with only his exhausted claims." App. at 30. The District Court denied Bivings' motion to alter or amend the judgment, again without acknowledging or commenting upon his application for leave to amend.

When this Court received Bivings' timely notice of appeal, it was treated as an application for a certificate of appealability and subjected to the analysis required by *Slack v. McDaniel*, 529 U.S. 473, 484 (2000):

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

The results of our analysis are set forth in our order of October 12, 2007, granting the application in part:

> The foregoing request for a certificate of appealability is granted on the procedural question, *Slack v. McDaniel,* 529 U.S. 473, 484 (2000), whether the District Court erred in not granting appellant's request, as stated in both his Objections and Rule 59(e) motion, to amend his habeas corpus petition to add those claims he had exhausted in state court, *cf. Peoples v. Fulcomer,* 882 F.2d 828, 832 (3d Cir. 1989) (petitioner may opt to delete unexhausted claims). The Court finds that two "valid" underlying constitutional claims,

5

*Slack,* 529 U.S. at 484, are stated: a claim that appellant did not waive his rights pursuant to *Miranda v. Arizona,* 384 U.S. 436 (1966), prior to having a police-arranged conversation with his co-defendant surreptitiously intercepted, *see Rhode Island v. Innis,* 446 U.S. 291, 301 (1980); and a claim that trial counsel rendered ineffective assistance, *Strickland v. Washington,* 466 U.S. 668, 687 (1984), in stipulating to the Commonwealth's DNA evidence. A certificate of appealability is denied in all other respects.

App. at 12-13.

## II. Jurisdiction

Based on our October 12, 2007, order, we have jurisdiction to review whether the District Court erred in not granting Bivings' request to amend his petition to add the two exhausted claims identified therein. 28 U.S.C. §§ 1291 and 2253(c). We review a district court's decision to refuse a party's request for leave to amend its complaint for abuse of discretion. *Ramsgate Court Townhome Ass'n v. West Chester Borough,* 313 F.3d 157, 161 (3d Cir. 2002).

## III. Amendment Request

Leave to amend under Rule 15(a) should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court interpreted this rule in the venerable case of *Foman v. Davis*, 371 U.S. 178, 182 (1962):

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

6

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

By this standard, the District Court abused its discretion in failing to grant Bivings' request to amend. There is no apparent or declared reason such as bad faith, dilatory motive, or prejudice to the other party that would justify a denial of the request to amend. Nor was Bivings' request to amend untimely. The statute of limitations had begun to run on July 25, 2005,[3] and was tolled as of August 29, 2005, when the Bivings filed a petition for post-conviction relief in state court. The limitations period began to run again on January 5, 2007, when the Pennsylvania Supreme Court denied his petition for permission to appeal. Bivings filed his objections to the Magistrate's recommendations on June 7, 2007, well within the one-year limitation period.[4] Finally "[t]hough we cannot say [Bivings] will prevail on any of [the claims he seeks to add], we are equally unable to say the amendments he proposes are so likely to affect the outcome that they would be futile."

---

[3]The Pennsylvania Supreme Court denied Bivings' direct appeal on April 26, 2005, and he would have had 90 days to petition the United States Supreme Court for a writ of certiorari, so the statute began to run on July 25, 2005.

[4]Given the timeliness of the motion to amend, there is no need for the claims in petitioner's amended petition to "relate back" to those of his original petition. *C.f. United States v. Pittman,* 209 F.3d 314, 317 (4th Cir. 2000) (discussing and applying relation back rule).

7

*Riley v. Taylor*, 62 F.3d 86, 91 (3d Cir. 1995). Accordingly, we conclude that the District Court erred by denying the petition with prejudice without affording Bivings an opportunity to amend.

Appellees assert that this result will effectively give petitioners "two bites at the apple," allowing them to delay bringing all of their claims until after a report and recommendation a magistrate has issued. We are unpersuaded. First, *Foman* itself involved a Rule 59(e) motion to alter or amend the judgment. Given *Foman,* it follows *a fortiori* that a request to amend a complaint following a magistrate's report and recommendation should not be denied on the basis of unreasonable delay. Second, any concern in regard to delay is outweighed by our interest in rendering decisions on the merits, rather than on the basis of "mere technicalities." *Foman,* 371 U.S. at 181. The policy behind Rule 15 and the principles of *Foman* require that a timely request to amend be granted, even if that request could have been brought at an earlier date. *See Riley,* 62 F.3d at 91.

The fact that Bivings did not present the District Court with a document labeled "Motion to Amend" does not defeat his claim. We construe *pro se* filings liberally, and hold them "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner,* 404 U.S. 519, 520 (1972). *See also United States v. Miller,* 197 F.3d 644 (3d Cir. 1999) (discussing the "time-honored practice of construing *pro se* plaintiffs' pleadings liberally.") Bivings' objections to the Magistrate's report and recommendation

made clear his desire to amend his petition to include the claims he had previously exhausted in state court, and he there specifically identified those claims. We are convinced that this was sufficient to put the court and all parties on notice of his request to amend his petition. *See Calderon v. Kansas Dept. of Soc. and Rehab. Serv.,* 181 F.3d 1180 (10th Cir. 1999) (failure to file a formal motion is not always fatal, particularly where there is readily apparent notice to opposing parties and to the court of the desire to amend and the particular basis for amendment); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1990) (the fact that request to amend was not presented in a separate formal motion is not a bar).

## IV. Conclusion

We conclude that the District Court erred in not granting Bivings leave to amend. We will reverse and remand with instructions to the District Court to grant the application for leave to amend his petition to add the two claims identified in our certificate of appealability and to conduct further proceedings on those claims.