J-S29024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DEREK ADAM BANKS | |
| Appellant | No. 2725 EDA 2016 |

Appeal from the PCRA Order dated August 2, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004269-2007
CP-15-CR-0004270-2007
CP-15-CR-0004271-2007
CP-15-CR-0004272-2007

BEFORE: LAZARUS, J., SOLANO, J., and STEVENS, P.J.E.

MEMORANDUM BY SOLANO, J.:          **FILED SEPTEMBER 25, 2017**

Appellant Derek Adam Banks appeals *pro se* from the order dismissing his petitions filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

In a previous appeal, we detailed the background of this case:

In July 2007, a confidential informant ("C.I.") assisted Embreeville State Police with an investigation into Appellant's drug related activities.  During the course of the investigation, the C.I. engaged in four controlled drug buys with Appellant. The first controlled buy took place on August 1, 2007, in which Appellant sold the C.I. 4.1 grams of cocaine in exchange for three hundred dollars ($300.00).  On August 8, 2007, a second controlled buy occurred in which Appellant sold the C.I. 14.2 grams of cocaine in exchange for six hundred dollars ($600.00). A third controlled buy took place on August 16, 2007, in which Appellant sold the C.I. 13.7 grams of cocaine in exchange for six hundred dollars ($600.00).  The fourth controlled buy occurred on September 11, 2007, in which Appellant sold the C.I. 97.7

grams of cocaine in exchange for three thousand, six hundred dollars ($3,600.00). Immediately following the September 11, 2007 controlled buy, police executed a search warrant on Appellant's home and recovered, *inter alia,* a digital scale with white residue, a large amount of cash, 14.2 grams of cocaine, and drug paraphernalia.

Police arrested Appellant, and the Commonwealth charged him with various drug-related crimes at five separate dockets. Specifically, the Commonwealth charged Appellant with the following offenses: at docket no. CP–15–CR–0004267–2007 ("docket 4267–2007"), delivery of a controlled substance and criminal use of a communication facility, in connection with the August 8, 2007 controlled buy; at docket no. CP–15–CR–0004269–2007 ("docket 4269–2007"), delivery of a controlled substance and criminal use of a communication facility, in connection with the August 1, 2007 controlled buy; at docket no. CP–15–CR–0004270–2007 ("docket 4270–2007"), delivery of a controlled substance and criminal use of a communication facility, in connection with the September 11, 2007 controlled buy; at docket no. CP–15–CR–0004271–2007 ("docket 4271–2007"), three counts of possession of a controlled substance with the intent to deliver ("PWID"), and one count of possession of drug paraphernalia, in connection with the September 11, 2007 search of Appellant's residence; and at docket no. CP–15–CR–0004272–2007 ("docket 4272–2007"), delivery of a controlled substance and criminal use of a communication facility, in connection with the August 16, 2007 controlled buy.

Appellant proceeded to a jury trial on December 1, 2008. On December 3, 2008, the jury convicted Appellant of one count of PWID, three counts of delivery of a controlled substance, three counts of criminal use of a communication facility, and one count of possession of drug paraphernalia. The court sentenced Appellant to an aggregate term of twenty-one (21) to forty-six (46) years' imprisonment on March 4, 2009. On March 18, 2009, Appellant timely filed a notice of appeal, but this Court dismissed the appeal on May 12, 2009, for failure to file a docketing statement.

On April 20, 2010, Appellant timely filed a *pro se* PCRA petition, and the court appointed counsel the next day. Counsel filed an amended PCRA petition on May 19, 2011, requesting a hearing to determine whether appellate counsel failed to perfect

Appellant's direct appeal rights. On May 26, 2011, with agreement from the Commonwealth, the court reinstated Appellant's direct appeal rights *nunc pro tunc.* On June 20, 2011, Appellant timely filed a *nunc pro tunc* notice of appeal. This Court affirmed Appellant's judgment of sentence on March 16, 2012, and our Supreme Court denied allowance of appeal on September 4, 2012. ***See Commonwealth v. Banks***, 47 A.3d 1246 (Pa.Super.2012), ***appeal denied***, 616 Pa. 666, 51 A.3d 837 (2012).

Appellant timely filed a *pro se* PCRA petition on September 17, 2013. The court appointed counsel ("PCRA counsel") on October 3, 2013. On December 30, 2013, PCRA counsel filed a petition to withdraw and a ***Turner/Finley*** "no merit" letter. Appellant filed a *pro se* amended PCRA petition on January 9, 2014, which the court declined to consider because Appellant was still represented by PCRA counsel. On January 22, 2014, the PCRA court determined Appellant had one meritorious issue concerning eligibility for the Recidivism Risk Reduction Incentive ("RRRI") program, so the court modified Appellant's sentence to include RRRI eligibility; with respect to Appellant's remaining claims, the court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. The court's Rule 907 notice order and opinion expressly gave Appellant twenty (20) days to file a response. On January 27, 2014, Appellant filed a *pro se* response to the court's Rule 907 notice order and opinion. Notwithstanding the language in the Rule 907 notice order and opinion, which allowed Appellant an opportunity to respond, on February 7, 2014, the court dismissed Appellant's *pro se* response (because Appellant was still represented by PCRA counsel), and directed the Clerk of Courts to forward a copy of the *pro se* filing to PCRA counsel. On February 25, 2014, the PCRA court dismissed Appellant's petition and granted PCRA counsel's request to withdraw. Appellant filed a second *pro se* response to the court's Rule 907 notice order and opinion; the response was docketed on February 28, 2014, but dated February 18, 2014. The PCRA court dismissed the response as moot on March 4, 2014, based on the court's earlier denial of PCRA relief.

Appellant timely filed a *pro se* notice of appeal on March 18, 2014, and a voluntary concise statement of errors complained of on appeal pursuant to Pa.R.A.P.1925(b). On April 15, 2014, the PCRA court filed its opinion per Pa.R.A.P.1925(a) asking this

Court to quash or dismiss the appeal because Appellant erroneously listed the order appealed from as dated March 15, 2014; the PCRA court contended no court action took place on March 15, 2014. Based on the PCRA court's suggestion to quash or dismiss the appeal, the court declined to review any of Appellant's issues in its opinion but indicated it would file a supplemental opinion if this Court so directed.

On August 19, 2014, this Court determined it was obvious from the face of the record that Appellant meant to appeal the February 25, 2014 order denying PCRA relief, and Appellant's reference to a March 15, 2014 order was merely an inadvertent error. Because Appellant filed his notice of appeal within thirty days of the order denying PCRA relief, this Court declined to quash Appellant's appeal. Instead, this Court retained jurisdiction and remanded the case to the PCRA court to issue a supplemental opinion addressing all properly preserved issues raised in Appellant's Rule 1925(b) statement. The PCRA court subsequently issued its supplemental opinion, simply directing this Court to review its earlier opinion in support of [its] Rule 907 notice order.

*Commonwealth v. Banks*, 121 A.3d 1120 (Pa. Super. 2015) (unpublished memorandum at 1-2) (footnotes omitted).

In our appellate opinion, we proceeded to state the four issues Appellant raised: 1) whether "three others involved" should have been charged "in the matter"; 2) whether the trial court should have merged Appellant's sentence; 3) whether the trial court erred in its calculation of Appellant's RRRI; and 4) whether PCRA counsel was incompetent. *Banks*, at 2. Ultimately, we vacated the PCRA court's order and remanded the case. We explained our disposition as follows:

Based on the missing documents in the certified record, the PCRA court's failure to address most of Appellant's issues and improper dismissal of Appellant's January 9, 2014 and January 27, 2014 *pro se* filings (docketed after PCRA counsel

- 4 -

had moved to withdraw), the inadequate supplemental Rule 1925(a) opinion, and the existence of at least two meritorious sentencing issues, the best resolution of this case is to vacate and remand for further proceedings. *. . .* Upon remand, the PCRA court must **(1)** correct Appellant's RRRI calculation; **(2)** re-characterize the restitution provisions of Appellant's sentence concerning the "buy money" as reasonable costs of prosecution; **(3)** appoint new counsel to assist Appellant in filing an amended PCRA petition raising all non-frivolous issues Appellant wants to pursue; if appointed counsel concludes no non-frivolous issues exist, counsel may file a **Turner/Finley** "no-merit" letter identifying why Appellant's claims are frivolous and otherwise complying with the dictates of **Turner** and **Finley***;* and **(4)** complete the certified record so it contains all relevant documents necessary to dispose of Appellant's claims, including Appellant's September 17, 2013 PCRA petition and PCRA counsel's December 30, 2013 **Turner/Finley** "no-merit" letter. Accordingly, we vacate and remand for further proceedings.

**Id.** at 5-6 (footnotes omitted).

Following remand, the PCRA court held a hearing on July 23, 2015, at which it corrected Appellant's RRRI calculation, and recharacterized the restitution provisions of the sentence concerning "buy money" as the reasonable costs of prosecution. The PCRA court also appointed new counsel, who filed an amended PCRA petition on September 18, 2015. The Commonwealth filed a response on October 5, 2015. Appellant, acting *pro se*, filed responses on November 6, 2015 and November 30, 2015. On March 14, 2016, Appellant filed another *pro se* PCRA petition. On March 23, 2016, the PCRA court issued an order pursuant to Pa.R.Crim.P. 907 which stated:

[U]pon consideration of [Appellant's] *pro se* PCRA [petition] and counseled [PCRA petition], and after independent review of the record, [Appellant] is hereby notified of the Court's intent to

Grant in part the Petition and amendment and DISMISS the remaining non-viable claims without a hearing twenty (20) days from the date of the docketing of this Order. After independently reviewing the entire record in this matter, the Court agrees with [Appellant] and finds that [Appellant] is entitled to PCRA [relief] on one (1) claim. Specifically, the Court finds that the sentence imposed on Delivery of a Controlled Substance docketed at 4270 of 2007, and PWID on docket 4271 of 2007 should have been run concurrently to one another and consecutively to the sentences imposed in the remaining term numbers. Court Admin[istration] is directed to schedule this matter for resentencing during the Court's next miscellaneous term.

[Appellant] is hereby given NOTICE of [the] Court's intent to dismiss all remaining non-viable claims contained in his PCRA petition and amendment without a hearing. . . .

Re-sentencing was scheduled for March 31, 2016.

Appellant filed a *pro se* response on April 11, 2016. On April 12, 2016, the PCRA court ordered Appellant's counsel to either file an amended PCRA petition on Appellant's behalf or a "reply detailing why [Appellant's] response lacks arguable merit." Sentencing was re-scheduled to May 25, 2016.

On April 20, 2016, Appellant filed a *pro se* amended PCRA petition and "For Counsel of Record [To] Abrogate Prior Filing with the Petition After Review." Appellant's counsel filed a response to the PCRA court's April 12, 2016 order on May 12, 2016, and filed an additional response on May 20, 2016. In his filings, Appellant's counsel explained why Appellant's *pro se* filings lacked merit. Sentencing was continued again to July 7, 2016.

On June 28, 2016, Appellant filed a *pro se* "Motion to Vacate a Void Judgment." The PCRA court on July 7, 2016 denied Appellant's July 28,

2016 *pro se* motion "without prejudice to appointed counsel's review of the motion."[1]  In addition, the PCRA court vacated Appellant's sentence at 4271 of 2007 for possession with intent to deliver, with "the remaining sentences imposed as originally imposed []."  N.T., 7/7/16, at 3-4.  The PCRA court and the parties confirmed that Appellant remained RRRI eligible.  *Id.* at 4.

On August 2, 2016, the PCRA court denied Appellant's *pro se* and counseled petitions and permitted counsel to withdraw his appearance. Appellant filed a *pro se* motion for recusal on August 15, 2016, followed by his notice of appeal on August 19, 2016.  Despite Appellant's pending appeal, on October 3, 2016, the PCRA court entered an order denying his motion for recusal.[2]  The PCRA court issued its opinion on November 9, 2016 and the certified record was transmitted to this Court.[3]

Appellant presents eight issues for our review, as copied verbatim from his brief:

    1. Whether these acts within the transactions are part of one criminal plan, scheme or encounter and the greater offense

---

[1] The PCRA court stated that the motion was denied "because [Appellant] is represented by counsel" and Appellant did not "have a right to file it when [he is] represented by counsel."  N.T., 7/7/16, at 5.

[2] Pa.R.A.P. 1701(a) states the general rule that after an appeal is taken, the trial court "may no longer proceed further in the matter."  The PCRA court noted that Appellant "included this issue in his Concise Statement before his motion for recusal was denied."  PCRA Court Opinion, 11/9/16, at 15 n.10.

[3] Appellant has filed with this Court *pro se* applications for remand, appointment of counsel and post-submission communication.

cannot be committed as it pertains in this case unless the lesser offense is initiated first?

2. Has there been some "prejudicial error" committed by trial counsel and the [C]ommonwealth[,] the former by way of not issuing subpoenas and gathering testimony the latter by failing to charge the others present. Would not their testimony complete a fair trial and encompass due process?

3. Whether the prior record score was accurate for the record?

4. Whether time served on [electronic home monitoring] (EHM) should be accounted for and according the citation in GAGNON V MORRISSEY [*sic*] was not a level 2 hearing to be presided by neutral judge and was the 11 months and 15 days assessed correctly as case which extended probation was dismissed?

5. Whether criminal complaints had either the approval or disapproval of the district attorney?

6. Whether rehabilitative needs and help with mental health issues were considered for mitigating circumstances?

7. Whether a sentence resulting from an unconstitutional statute can remain in place after resentencing, is [Appellant] serving an illegal sentence?

8. Whether a motion for recusal was appropriate in a multi-judge county when presiding judge handled similar cases with petitioner in the past?

Appellant's Brief at 9.

Our standard of review is as follows:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford

no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted). We note that there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (citation omitted), *appeal denied*, 956 A.2d 433 (Pa. 2008).

**Conviction of Separate Offenses**
**(Appellant's First Issue)**

In his first issue, Appellant argues that "the 4 [drug selling] transactions individually merge in regards to delivery of a controlled substance and communication facility." Appellant's Brief at 13.

Convictions do not merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. 42 Pa.C.S. § 9765; *Commonwealth v. Raven*, 97 A.3d 1244, 1249 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014). Here, Appellant was sentenced at four different dockets relating to four different criminal acts: delivery of a controlled substance and criminal use of a communications facility on August 1, 2007; delivery of a controlled substance and criminal use of a communications facility on September 11, 2007 (controlled buy); possession with intent to deliver a controlled

- 9 -

substance on September 11, 2007 (search warrant); and delivery of a controlled substance and criminal use of a communications facility on August 16, 2007. Because the crimes were four separate criminal acts, the crimes do not merge.

In addition, the statutory elements of possession with intent to deliver a controlled substance and criminal use of a communications facility are different. Delivery of a controlled substance and the intent to deliver a controlled substance are "prohibited acts" proscribed by the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780-113(a)(30). When examining whether a controlled substance was possessed with intent to deliver, the factfinder must consider all of the facts and circumstances surrounding the possession of the substance. ***Commonwealth v. Robinson***, 582 A.2d 14, 17 (Pa. Super. 1990), ***allocatur denied***, 598 A.2d 282 (Pa. 1991). A defendant may not be convicted of delivery of a controlled substance unless he knowingly made an actual, constructive, or attempted transfer of the substance to another person without the legal authority to do so. ***Commonwealth v. Murphy***, 844 A.2d 1228, 1233–34 (Pa. 2004). Use of a communication facility is a separate crime that is committed if the defendant uses the communication facility "to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under the act . . . known as The Controlled Substance, Drug, Device and Cosmetic Act." 18 Pa.C.S. § 7512.

The statute provides that "[e]very instance where the communication facility is utilized constitutes a separate offense under this section." ***Id.*** Because the statutory elements of Appellant's PWID and criminal use of a communication facility convictions are not "included within the statutory elements of the other," the two crimes do not merge.

For these two reasons, Appellant's first issue lacks merit.

## Ineffectiveness of Trial Counsel
### (Appellant's Second and Fifth Issues)

In his second and fifth issues, Appellant claims his trial counsel was ineffective for failing to present defense witnesses and failing to quash the criminal complaints filed against him. Our Supreme Court has stated:

> Counsel is presumed effective, and the petitioner bears the burden of proving otherwise. ***Commonwealth v. Roney***, 622 Pa. 1, 79 A.3d 595, 604 (2013). To prevail on an ineffectiveness claim, the petitioner must plead and prove, by a preponderance of the evidence, the Sixth Amendment performance and prejudice standard set forth in ***Strickland v. Washington***, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This Court has divided the performance component of *Strickland* into two sub-parts dealing with arguable merit and reasonable strategy. ***Commonwealth v. Baumhammers***, . . . 92 A.3d 708, 719 (2014). Thus, to prevail on an ineffectiveness claim, the petitioner must show: that the underlying legal claim has arguable merit; that counsel had no reasonable basis for his or her action or omission; and that the petitioner suffered prejudice as a result. ***Id.*** (citing ***Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973, 975–76 (1987)).

**_Commonwealth v. Bardo_**, 105 A.3d 678, 684 (Pa. 2014)

*Failure to Present Witnesses*

Appellant contends that his trial counsel should have communicated with three people who were present when the police executed the search warrant on September 11, 2007 and recovered contraband from his home, and that counsel should have presented those individuals as witnesses. Appellant's Brief at 13-14. He also asserts that his right to a fair trial was violated because the Commonwealth failed to charge these "3 other individuals present at the time the search warrant commenced," and argues that he was wrongly convicted as a result of "guilt by association." *Id.*

"[W]hen raising a claim for the failure to call [] witness[es], to obtain relief, a petitioner must establish that: (1) the witness existed; (2) the witness was available; (3) counsel was informed or should have known of the existence of the witness; (4) the witness was prepared to cooperate and would have testified on defendant's behalf; and (5) the absence of such testimony prejudiced him and denied him a fair trial. *Commonwealth v. Carson*, 559 Pa. 460, 741 A.2d 686, 707 (1999)." *Commonwealth v. Reid*, 99 A.3d 427, 438 (Pa. 2014).

Here, the PCRA court noted that Appellant failed to raise this "vague claim" in his PCRA petition and amendments. PCRA Court Opinion, 11/9/16, at 11. The PCRA court determined:

> Even assuming arguendo that [Appellant's] vague claim was properly preserved, we would still be unable to adequately address it. [Appellant] offers nothing more than boilerplate and vague allegations of ineffectiveness. Without more, we cannot

- 12 -

> conclude that trial counsel was ineffective in failing to gather evidence and subpoena certain unidentified witnesses. Assertions of ineffectiveness in a vacuum cannot satisfy the ineffectiveness standard. **Commonwealth v. Pettus**, 424 A.2d 1332, 1335 (Pa. 1981). A defendant who is alleging ineffectiveness must set forth sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective. Additionally, trial counsel can never be ineffective for failing to pursue a meritless claim. **Commonwealth v. Giknis**, 420 A.2d 419 (Pa. 1980). Accordingly, this Court will not grant relief on claims of ineffective assistance of counsel in the abstract.

PCRA Court Opinion, 11/9/16, at 11. The PCRA court added, "given the lengthy and detailed trial testimony and the physical evidence found at [Appellant's] residence, the uncontested evidence of guilt was so overwhelming that the outcome of the trial would not have differed even if trial counsel erred in his representation of [Appellant]." **Id.** at 11 n.8.

The PCRA court's reasoning is supported by the record and free of legal error; there is no merit to Appellant's underlying claim that trial counsel was ineffective for failing to present the three witnesses because, even if the witnesses were available and willing to testify – and Appellant has not demonstrated that they were – Appellant was not prejudiced nor denied a fair trial. As noted by the PCRA court, the "lengthy and detailed" evidence of guilt was "overwhelming." PCRA Court Opinion, 11/9/16, at 11 n.8. In our prior decision, we recounted Appellant's "drug related activities," including four controlled buys from a confidential informant of between 4.1 and 97.7 grams of cocaine. **Commonwealth v. Banks**, 121 A.3d 1120 (Pa.

Super. 2015) (unpublished memorandum at 1). That evidence fully supported Appellant's convictions.

At trial, the Commonwealth presented testimony from Pennsylvania State Trooper Jose Torres. Trooper Torres named the confidential informant, and explained that the informant was cooperating with the hope that her husband, who was facing drug charges, would receive favorable treatment. N.T., 12/2/08, at 26. Trooper Torres was with the confidential informant when she telephoned Appellant to arrange the four drug buys on August 1, August 8, August 16, and September 11, 2007, and when she bought the cocaine. *Id.* at 36, 41-42, 63-73, 83-90, 92-103. Trooper Torres also testified to being at Appellant's residence during the execution of a search warrant and stated:

> The kitchen is where we encountered most of what I deemed to be evidentiary value. As soon as you walk into the kitchen, right there on the kitchen counter was a digital scale with a bunch of white residue on it. There was a kitchen spoon with white residue on it. There was a large amount of money, which I originally suspected would be the $3,600 that [the confidential informant] just went in to purchase the quarter pound. There was also an additional plastic bag of cocaine. . . . there were some baggies. So there were a variety of items that ranged from cocaine to drug paraphernalia to actual large amounts of money.

*Id.* at 107.

After Trooper Torres, Pennsylvania State Police forensic scientist Irina Aleshkevich testified to being a drug identification analyst and testing the white substances recovered from the controlled buys and Appellant's

residence; Ms. Aleshkevich determined with scientific certainty that the white substances were cocaine. In addition, the confidential informant testified, as did Pennsylvania State Trooper Noel Valez, and Pennsylvania State Police Corporal Nicole Palmer. *See* N.T., 12/3/08, at 1-126. All three of the witnesses recounted their participation in the four controlled buys of cocaine from Appellant, and corroborated the testimony of Trooper Torres.

Appellant did not testify at trial, and did not present any defense. *See* N.T., 12/3/08, at 127 (**Trial Court**: "All right, [Counsel], you have indicated to me . . . that your client does not wish to testify, nor do you have any evidence to present in this case, is that correct?" **Trial Court**: "And I also understand that there is going to be no evidence submitted by [Counsel] on behalf of you, is that correct as well?" **Appellant**: "Yes, Your Honor, at this point, that is correct"). Based on this record, we agree with the PCRA court that the uncontested evidence of Appellant's guilt was overwhelming and that he is entitled to no relief on his claim that his counsel should have called the three additional witnesses. Appellant's second issue claiming that counsel was ineffective for failing to present as witnesses the three individuals in his residence is thus meritless.

### *Failing to Quash Criminal Complaints*

In his fifth issue, Appellant claims that counsel was ineffective "for failing to quash the criminal complaints which were defective on [their] face." Appellant's Brief at 18. Although largely undeveloped, the essence of

Appellant's argument is that his criminal complaints should have been quashed or vacated because they were "not approved or disapproved by a person with authority to prosecute [A]ppellant's case" under Pa.R.Crim.P. 507. *Id.* at 19. He criticizes his trial counsel for failing to seek quashal of the complaints on this basis.

Rule 507 reads:

**Approval of Police Complaints and Arrest Warrant Affidavits by Attorney for the Commonwealth — Local Option**

(A) The district attorney of any county may require that criminal complaints, arrest warrant affidavits, or both filed in the county by police officers, as defined in these rules, have the approval of an attorney for the Commonwealth prior to filing.

(B) If the district attorney elects to proceed under paragraph (A), the district attorney shall file a certification with the court of common pleas, which certification shall state whether prior approval of police complaints, or arrest warrant affidavits, or both shall be required, shall specify which offenses or grades of offenses shall require such prior approval, and shall also specify the date such procedure is to become effective. The court of common pleas shall thereupon promulgate a local rule in the following form, setting forth the offenses or grades of offenses specified in the certification and stating whether prior approval of police complaints, arrest warrant affidavits, or both shall be required:
. . .

(C) If an attorney for the Commonwealth disapproves a police complaint, arrest warrant affidavit, or both, the attorney shall furnish to the police officer who prepared the complaint, affidavit, or both a written notice of the disapproval, in substantially the following form, and the attorney shall maintain a record of the written notice.
. . .

**(D) No defendant shall have the right to relief based solely upon a violation of this rule**.

Pa.R.Crim.P. 507 (emphasis added). Pursuant to Rule 507(B), Chester County Local Rule 507 provides:

> The District Attorney of Chester County having filed a certification pursuant to Pa.R.Crim.P. 507, criminal complaints and arrest warrant affidavits by police officers, as defined in the Rules of Criminal Procedure, charging the following offenses shall not hereafter be accepted by any judicial officer unless the complaint and affidavit have the approval of an attorney for the Commonwealth prior to filing:
>
> 1. Corrupt organizations in violation of 18 Pa.C.S.A. § 911;
> 2. Criminal homicide in violation of 18 18 Pa.C.S.A. § 2501;
> . . .
>
> 36. All cases against juvenile defendants that are being direct filed into the adult system.

The only drug offense included in Chester County Local Rule 507 is 18 Pa.C.S.A. § 2506, "Drug delivery resulting in death." The rule does not require prior approval of complaints charging the offenses of which Appellant was convicted.

In denying relief for this claim, the PCRA court explained:

> Here, the plain language of Rule 507 makes clear that [Appellant's] charges set forth in the respective criminal complaints do not require the approval/disapproval of the district attorney. In other words, [Appellant] was not charged with any of the enumerated offenses contained in Rule 507. Rule 507 give the district attorney the option of requiring that criminal complaints or arrest warrant affidavits, filed in this county, by police officers have the prior approval of an attorney for the Commonwealth. Under the rule, the district attorney is given the discretion to define which offenses or grades of offenses will

- 17 -

require such prior approval. Thus, [Appellant's] claim is devoid of merit and counsel is never deemed ineffective for failing to make a frivolous motion. ***Commonwealth v. Fowler***, 703 A.2d 1027, 1033 (Pa. 1997).

PCRA Court Opinion, 11/9/16, at 13-14.

We agree with the trial court's analysis. Chester County Local Rule 507 does not include PWID, delivery of a controlled substance, or criminal use of a communication facility as crimes which require attorney approval prior to filing. The criminal complaints filed against Appellant therefore did not require the signature of the District Attorney under Chester County Rule 507. Moreover, Pa.R.Crim.P. Rule 507 explicitly states that a violation of the rule does not afford a defendant a "right to relief." For these reasons, Appellant's claim under Rule 507 lacks merit. And because Appellant does not state a meritorious claim for quashal of the complaints, his counsel cannot have been ineffective for failure to move to quash the complaints under Rule 507. Accordingly, Appellant's fifth issue lacks merit.

### Discretionary Aspects of Sentencing
### (Appellant's Third and Sixth Issues)

In his third and sixth issues, Appellant challenges the discretionary aspects of his sentence by assailing the computation of his prior record score and asserting that the court failed to properly consider such mitigating factors as his rehabilitative needs and mental health issues.

Challenges to the discretionary aspects of sentencing – with the exception of claims regarding a sentence's legality – are not cognizable

under the PCRA. 42 Pa.C.S. § 9543(a)(2)(vii); *see Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007). *See also Commonwealth v. Johnson*, 758 A.2d 1214, 1216 (Pa. Super. 2000), *appeal denied*, 775 A.2d 803 (Pa. 2002) (allegation that trial court erroneously computed prior record score challenges the discretionary aspects of sentencing); *Commonwealth v. Hyland,* 875 A.2d 1175 (Pa. Super. 2005), *appeal denied,* 890 A.2d 1057 (Pa. 2005) (claim that court failed to consider mitigating factors challenges discretionary aspects of sentencing).

Even if Appellant's issues were cognizable under the PCRA, he may not obtain relief with respect to them because they were not raised in his petitions before the trial court. As the PCRA court did not have an opportunity to address these issues, they were waived and do not merit relief. *See generally* Pa.R.A.P. 302.

## Credit for Time Served
## (Appellant's Fourth Issue)

In his fourth issue, Appellant claims the court erred by failing to credit him for time served "pre-sentence and post-sentence," including "time spent imprisoned on (EHM) . . . electric home monitoring." Appellant's Brief at 16-17.

In addressing this issue, we first note that Appellant improperly characterizes his time on electronic home monitoring as "imprisonment." As we explained in *Commonwealth v. Martz*, 42 A.3d 1142 (Pa. Super. 2012):

- 19 -

The right to credit for time served is statutory in nature and arises from 42 Pa.C.S.A. § 9760, which provides, in relevant part, the following:

**§ 9760. Credit for time served**

[T]he court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent **in custody** as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1) (bold added). Thus, credit for time served is generally reserved for situations where the defendant is "in custody." **Commonwealth v. Stafford**, 29 A.3d 800 (Pa. Super. 2011). "Indeed, Pennsylvania appellate courts consistently have interpreted section 9760's reference to 'custody' as confinement in prison or another institution." **Commonwealth v. Maxwell**, 932 A.2d 941, 944 (Pa. Super. 2007) (citations omitted).

42 A.3d at 1145. Appellant was not "in custody" — confinement in prison or another institution — while on electronic home monitoring. Therefore, that time could not be credited to his sentence. **See Commonwealth v. Kyle**, 874 A.2d 12 (Pa. 2005) (defendant was not in custody during time he spent on bail subject to electronic home monitoring and was not entitled to have such time credited against sentence of incarceration).

Further, the PCRA court concluded that Appellant received the correct credit for time served. Commonwealth Brief at 20-21. The court explained:

[Appellant's] contention that he did not receive the full amount of credit for time served is belied by the record. Our

review of the record indicates that on March 4, 2009, [Appellant] was sentenced to the balance of his maximum sentence of 11 months and 15 days. The Court imposed that sentence as a result of a violation of parole on docket number CP-15-CR-0001989-1999. The notes of testimony from the violation of parole sentencing unequivocally evidence that [Appellant] received credit for time served from September 11, 2007 to September 27, 2008. The notes of testimony reflect that [Appellant] received the correct amount of credit for time served as a bench warrant was lodged as a detainer on September 13, 2007.

At the same hearing on March 4, 2009, [Appellant] was given credit for time served from September 28, 2008 to March 4, 2009 on his new case docketed at CP-15-CR-0004269-2007. See Chester County Docket, CP-15-CR-0001989-1999, at 21; CP-15-CR-0004269-2007, at 4-5; N.T., 3/4/09, at 23-27. Accordingly, the record reflects that [Appellant] received the correct credit for time served.

PCRA Court Opinion, 11/9/16, at 12-13. We have reviewed the record cited by the trial court and agree that Appellant properly was credited for the time served in custody. This issue therefore is without merit.

## Legality of Sentence under *Alleyne* (Appellant's Seventh Issue)

As Appellant's seventh issue, he asserts that his sentence is illegal and seeks relief under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013) (requiring that any fact that increases the penalty for a crime beyond the prescribed statutory minimum sentence be submitted to a jury), and ***Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) (holding that 42 Pa.C.S. § 9712.1 was unconstitutional because it provided for the trial court to make to make a factual determination by a preponderance of the evidence in contravention of ***Alleyne***). Appellant is

not entitled to relief on this issue because our Supreme Court has held that *Alleyne* does not apply retroactively to cases on collateral review. *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).

Appellant was sentenced on March 4, 2009, and this Court affirmed his judgment of sentence on March 16, 2012. *Commonwealth v. Banks*, 47 A.3d 1246 (Pa. Super. 2012) (unpublished memorandum). On September 4, 2012, the Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Banks*, 51 A.3d 837 (Pa. 2012). *Alleyne* was not decided until 2013. Appellant concedes he is seeking relief under the PCRA. Appellant's Brief at 23. To do so, he would have to apply *Alleyne* (and *Newman*, which is based on *Alleyne*) retroactively to apply to his conviction. It is clear that under *Washington*, Appellant is ineligible for such relief because *Alleyne* does not apply retroactively to cases on collateral review. We therefore find no merit to Appellant's seventh issue.

**Recusal**
**(Appellant's Eighth Issue)**

In his eighth and final issue, Appellant argues that the trial court erred in denying his motion for recusal.

As we noted earlier, Appellant's recusal motion was filed on August 18, 2016, one day before Appellant filed his notice of appeal. The PCRA court's order denying the recusal motion was not filed until October 3, 2016, more than 30 days after the appeal was filed and after the court lost jurisdiction to act on the motion under Appellate Rule 1701(a). Because the PCRA court

was without jurisdiction to rule on the motion, its order denying the motion was a legal nullity. **See**, **e.g.**, **Commonwealth v. Salley**, 957 A.2d 320, 325 (Pa. Super. 2008) (judgment of sentence entered by the trial court when it lacked jurisdiction constituted a legal nullity). Accordingly, there is no order for us to consider.

Even if we could consider it, Appellant would not be entitled to relief. A party seeking recusal of a judge bears the burden of establishing the grounds for recusal, and Appellant's assertion that the PCRA court should have recused because "it made its intentions clear having presided over similar criminal charges involving petitioner" does not meet that burden. Appellant's Brief at 25; **Commonwealth v. Irwin**, 639 A.2d 52, 54 (Pa. Super. 1994) (trial judge's awareness of defendant's prior criminal record was not grounds for recusal of trial judge in nonjury trial; trial judge is presumed to be capable of disregarding improper evidence, including evidence of prior criminal acts, and there was no evidence that judge was biased or prejudiced).

For the reasons discussed above, we find no merit to Appellant's claims. We therefore affirm the PCRA court's order of dismissal. Appellant's applications for remand, appointment of counsel and post-submission communication are denied.

Order affirmed.

Judge Lazarus joins the memorandum.

President Judge Emeritus Stevens concurs in the result.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/25/2017*